### 7438.   QUARLES *v.* GEM PLUMBING COMPANY *et al.*

1. The verdict in behalf of the defendants was supported by the evidence.
2. The instruction to the jury that if the plaintiff, in the operation of the automobile at the time of the injury complained of, did not exercise ordinary care, he could not recover, was qualified by instructions which followed, to the effect that the want of such care on the part of the plaintiff would defeat a recovery if it was the direct and proximate cause of the injury; and the charge was not subject to the exception that the court did not instruct that the failure to exercise ordinary care on the part of the plaintiff must have been the cause of the injury.
3. Under the decision of the Supreme Court in the case of *Strickland* v. *Whatley*, 142 *Ga.* 802 (83 S. E. 856), "while so much of the act of August 13, 1910 (Acts 1910, p. 92), regulating the use of automobiles on the highways of this State, and prohibiting their operations 'at a rate of speed greater than is reasonable and proper, having regard to the traffic and use of such highway, or so as to endanger the life or limb of any person or the safety of any property,' as makes a violation of the act penal is too uncertain and indefinite in its terms to be capable of enforcement, . . the measure of care laid down in the act is not too indefinite to furnish a rule of civil conduct;" and there was no error in giving it in charge in this case.
4. The court did not err in charging the jury that "the burden of proof is on the plaintiff to prove that his own negligence was not the direct proximate cause of said injury, and that his negligence did not contribute thereto."

DECIDED SEPTEMBER 21, 1916.

Certiorari; from Fulton superior court—Judge Pendleton. March 18, 1916.

*E. C. Buchanan, Hewlett, Dennis & Whitman,* for plaintiff.

*William A. Fuller,* for defendants.

HODGES, J.  In this case the plaintiff sought compensation by way of damages for his own negligent conduct in operating a dangerous and deadly instrumentality, to wit, a two-passenger automobile.  In it he had crowded four people, including a young lady.  The trouble occurred after ten o'clock at night, on a chert street in Atlanta that had the appearance of having holes in it, which holes did not always exist.  Running, according to the evidence, at the rate of twelve to fifteen miles an hour, he did strike a real hole and his car was damaged.  Fortunately nothing was injured but the car, which, though injured, continued its career one- hundred feet beyond the place where it "got in the hole."  The plaintiff sued in the municipal court of Atlanta.  The jury found against his contentions, though the defendants offered no evidence.  He carried his case by certiorari to the superior court, and the certiorari was overruled.  In due course the case was brought to this court, and the law requires that each exception shall be passed upon (which law the writer of this opinion desires to say en passant is the cause of the congested condition of the dockets of the Supreme Court and of this court).

1. The court did not err in overruling the certiorari, for the verdict was demanded by the evidence.  The certiorari should not even have been sanctioned.

2. The plaintiff excepted to the following charge of the judge of the municipal court: "If you find the plaintiff, in the operation of his automobile at the time of the accident, did not exercise ordinary care, I charge you he can not recover in this case and your verdict must be for the defendants."  The exception was upon the ground that the court did not instruct that this failure to exercise ordinary care on the part of the plaintiff must have been the cause of the alleged injury or damage.  The court instructed the jury: "I charge you if you find the plaintiff was violating the law as embraced in the statute, as a matter of law the plaintiff was negligent.  If you find the plaintiff at the time of the accident was approaching the intersection of Rawson and Cooper streets at a rate of speed in excess of six miles an hour,

and at that time did not have his car under control, then under the law he was guilty of negligence, and if you find that that negligence amounted to a failure to exercise ordinary care, the plaintiff can not recover, and if the plaintiff was negligent as stated to you, and that negligence was the direct and proximate cause of the damage to his property, I charge you that he can not recover." Often it happens that a trial judge can not express in one sentence the entire law applicable to the case on trial, and the rule is that the entire charge should be considered, on exceptions of this character. This court finds no merit in this exception.

3. The plaintiff in error excepts to the following instruction: "I charge you that under our statute no person shall operate a machine on any of the highways of this State, as described in this act, at a rate of speed greater than is reasonable and proper, having regard to the traffic and use of such highway, or so as to endanger the life or limb of any person or the safety of any property; and upon approaching a bridge, dam, high embankment, sharp curve, descent, or crossing of intersecting highways and railroad crossings, the person operating the machine shall have it under control and operate it at a rate not greater than six miles per hour." The exception noted to this is that this part of the automobile law is null and void. It is true that this court in *Hayes v. State*, 11 *Ga. App.* 371 (75 S. E. 523), ruled: "A penal law which is of doubtful construction and in which the act denominated as a crime is described in terms so general and indefinite as to make the question of criminality dependent upon the idiosyncrasies of the men who may happen to constitute the court and jury, and is of such a nature that honest and intelligent men are unable to ascertain what particular act it seeks to condemn, is incapable of enforcement, and will be held to be null and void. So much of the act approved August 13, 1910 (Acts 1910, p. 92), regulating the use of automobiles, as undertakes to make penal the operation of an automobile on one of the highways of this State 'at a rate of speed greater than is reasonable and proper, having regard to the traffic and use of such highway, or so as to endanger the life or limb of any person or the safety of any property,' is too uncertain and indefinite in its terms to be capable of enforcement." Following this decision this court held in *Carter*

v. *State,* 12 *Ga. App.* 430 (78 S. E. 205): "So much of the act of 1910 regulating the use of automobiles as undertakes to make penal the operation of an automobile on the highways of this State 'at a rate of speed greater than is reasonable and proper, having regard to the traffic and use of such highway, or so as to endanger the life or limb of any person or the safety of any property,' is too uncertain and indefinite in its terms to be capable of enforcement." It will be observed that these rulings were made in criminal cases. It is not necessary to discuss the soundness of these decisions. The act may not be effective as a rule in criminal cases, but it is sound as a rule of civil conduct, and the trial judge did not err in his instruction, on the grounds set out in the certiorari. In *Strickland* v. *Whatley,* 142 *Ga.* 802 (83 S. E. 856), it was said: "While so much of the act of August 13, 1910 (Acts 1910, p. 92), regulating the use of automobiles on the highways of this State, and prohibiting their operation 'at a rate of speed greater than is reasonable and proper, having regard to the traffic and use of such highway, or so as to endanger the life or limb of any person or the safety of any property,' as makes a violation of the act penal, is too uncertain and indefinite in its terms to be capable of enforcement (*Empire Life Insurance Co.* v. *Allen,* 141 *Ga.* 413, 81 S. E. 120; *Hayes* v. *State,* supra), the measure of care laid down in the act is not too indefinite to furnish a rule of civil conduct. Indeed, in most respects it is not greatly different from the rule of ordinary care which would apply in the absence of a statute. There was, accordingly, no error in giving it in charge to the jury in a proper case." There was no error in the instruction of the court with reference to the application of this statute to the facts in this case, upon any ground set forth in his petition for certiorari.

4. The court charged the jury: "The burden of proof is on the plaintiff to prove that his own negligence was not the direct, proximate cause of said injury, and that his negligence did not contribute thereto." This is the law. No presumption was against the defendants; and the plaintiff, recognizing this, alleged that "said petitioner was free from fault and blame in the premises and was in the exercise of ordinary care." The burden of proof was upon him; the jury heard his side of the case only, and decided against his contentions as pleaded in his suit.

*Judgment affirmed.*