## 19145. SOUTHERN RAILWAY COMPANY v. REED.

STEPHENS, J. 1. A statement that a person fails to exercise ordinary care is equivalent to a statement that he is negligent. Since the mere negligence of a plaintiff, without reference to its causal connection with the injury received by him, and without reference to its degree as respects the negligence of the defendant, is not sufficient to bar a recovery, the court properly refused the defendant's requests to charge which embodied the propositions that if the plaintiff failed generally to exercise ordinary care or failed to exercise ordinary care in going upon the defendant's railroad-track, or to discover the approach of the defendant's train, or to avoid the injury which he received, the plaintiff could not recover.

2. A charge that a defendant railroad company can defeat a recovery by showing that the injury to the plaintiff was proximately caused by the plaintiff's own negligence is not subject to the objection that it limited the jury to a consideration only of the evidence introduced in behalf of the defendant, in determining whether the plaintiff's injury was caused by his own negligence. This charge clearly must have been understood by the jury as authorizing it to consider all the evidence, including that offered in behalf of the plaintiff as well as that offered in behalf of the defendant, in determining whether the plaintiff by his own negligence proximately caused his injury. Therefore a request to charge, made by the defendant, that the plaintiff can not recover if the jury find from the evidence that the plaintiff's injury was caused by his own negligence, was covered by the charge given, and was therefore properly refused.

3. A charge that if the plaintiff and the defendant are both at fault, the plaintiff may nevertheless recover, but the damages should be diminished in proportion to the amount of default attributable to the plaintiff, states a correct rule of law (Civil Code of 1910, § 2781) and is not subject to the objection that it contains an instruction to the jury that the plaintiff can recover if his negligence is equal to the negligence of the defendant. A diminution of the plaintiff's damages in proportion to the amount of default attributable to him would, where the plaintiff's negligence is equal to the negligence of the defendant, reduce the plaintiff's damages to nothing.

4. A charge that the plaintiff can not recover unless the amount of default attributable to him is less than the amount of default attributable to the defendant, and that if the plaintiff is more at fault than the defendant the plaintiff can not recover, does not contain an instruction that the plaintiff can recover if his negligence is less than the negligence of the defendant, without reference to whether the plaintiff by the exercise of ordinary care could have avoided the consequences of the defendant's negligence or could have avoided the injury. This charge could not have made an erroneous impression on the jury, where the court elsewhere in the charge clearly instructed the jury that the plaintiff could recover only upon its being made to appear that the negligence of the defendant proximately caused the plaintiff's injury.

5. Although a charge upon comparative negligence wherein the jury is instructed that if the plaintiff is more at fault than the defendant there can be no recovery, and that there can be no recovery unless the amount of default attributable to the plaintiff is less than the amount of default attributable to the defendant, but which omits to state that there can be no recovery if the negligence of the plaintiff is equal to the negligence of the defendant, is not error as instructing the jury that the plaintiff can recover if his negligence is equal to that of the defendant, where the court elsewhere in his charge clearly instructed the jury that if the negligence of the plaintiff was equal to the negligence of the defendant there could be no recovery.

6. A charge that if the plaintiff by the exercise of ordinary care could have avoided the consequences to himself caused by the defendant's negligence he can not recover, and which in the same connection instructs the jury that the plaintiff can not recover unless the amount of default attributable to him is less that the amount of default attributable to the defendant, and that if the plaintiff was more at fault than the defendant there can be no recovery, is not subject to the objection that it confuses two propositions of law and fails to properly instruct the jury.

7. The charge that the mortality table introduced in evidence could be used by the jury in arriving at damages in the case should the jury award any damages, and if under the rules which the court had already given in charge the jury should believe that the plaintiff had made a a case wherein he ought to recover for personal injuries, the amount he could recover would be for whatever injury or damage the jury may think he has received in consequence of the injury, was not subject to the objection that the court instructed the jury to use the mortality tables alone in determining the plaintiff's right to recover and in determining the plaintiff's damage, without reference to other rules of law; the court having instructed the jury that the plaintiff's right to recover should be under the rules which the court had already given in charge.

8. There being evidence from which the jury could have inferred that the personal injuries received by the plaintiff were of a permanent character, a charge with reference to the method of computing damages for a permanent injury and reducing the amount found to a present cash valuation is not subject to the objection that it does not appear from the evidence that the plaintiff received permanent injuries. This charge, having submitted to the jury, as an issue, whether the plaintiff's injuries were permanent, is not subject to the objection that the court therein instructed the jury as a fact that the plaintiff had received permanent injuries.

9. Upon the trial of a suit against a railroad company to recover damages for injuries alleged to have been received by 'the plaintiff when driving his team upon a railroad-track of the defendant at a public crossing, where one of the contentions of the plaintiff supported by testimony was that the approach of the train was obscured from the plaintiff's view by a patch of growing cane by the side of the railroad-

track, the court did not err in excluding evidence, offered by the defendant, of the estimate of a witness that the engine of the defendant in approaching the crossing would be about sixteen or seventeen feet above the road, after this witness had testified that engines of the character of the engine which caused the plaintiff's injury measured twelve or fourteen feet high from the rails, and that the track at the crossing was probably three or four feet above the level of the public road at the crossing along which the plaintiff was traveling when injured as a result of coming in contact with the defendant's engine. The matter being peculiarly one of calculation only upon the evidence which the witness had already delivered, the jury were as competent to conclude the facts sought to be proved as the witness himself.

10. Where it was sought to prove the value of personal property belonging to the plaintiff which had been destroyed by the alleged negligence of the defendant, the evidence of the person from whom the plaintiff had previously bought the property, who had testified that before he sold the property to the plaintiff he had taken it back from another purchaser to whom he had sold it, was not harmful to the defendant.

11. In this suit for injuries alleged to have been received by the plaintiff to his person and wagon and mules, caused by the alleged negligence of the defendant railroad company in operating its train at a public crossing at a reckless rate of speed and in violation of the blow-post law, although there was evidence from which the jury could have inferred that the plaintiff negligently came upon the railroad crossing and that the injuries received by him were the result of his own negligence, there was evidence authorizing the inference that the alleged negligence of the defendant caused the injuries complained of. The verdict for the plaintiff was authorized. *Reed* v. *Southern Railway Company*, 37 *Ga. App.* 550 (140 S. E. 921).

12. No error of law appears.

13. There being no exception to the charge of the court upon the presumption of negligence arising against a railroad company upon proof of an injury caused from the operation of the trains of the company, as provided in section 2780 of the Civil Code of 1910, this court can not pass upon an error, if there was any, in giving in charge the law as embodied in that section, upon the ground that the section is unconstitutional as being in violation of the fourteenth amendment to the constitution of the United States, as was held by the Supreme Court of the United States in *Western & Atlantic Railroad v. Henderson*, 279 U. S. 639 (73 L. ed. 519, 49 Sup. Ct. 445).

*Judgment affirmed. Jenkins, P. J., and Bell, J., concur.*

DECIDED SEPTEMBER 9, 1929.

*Maddox, Maddox & Mitchell,* for plaintiff in error.
*William E. & W. Gordon Mann,* contra.