20710. ATLANTA COACH COMPANY *v.* CURTIS.

JENKINS, P. J. 1. Where a servant is employed to drive a motor-bus owned by the master, and operated at the expense of the master in the master's business of carrying passengers for hire, and is placed by the master temporarily at the command of a third person in pursuance of a contract between the master and the third person, whereby the master agrees to furnish a motor-bus, the driver, and necessary fuel, and convey certain passengers upon a sight-seeing trip, the third person exercising no control over the servant other than the giving of general directions concerning the trip to be made and the route to be taken, an inference is not demanded that the general master had relinquished control of the servant, so as to be relieved from liability on account of the negligence of the servant while doing the work of the master in carrying out his contract with such third person. See, in this connection, *Greenberg* v. *Yarbrough,* 26 *Ga. App.* 544 (106 S. E. 624); 18 R. C. L. 784, § 244; 39 C. J. 1275, 1277, §§ 1462, 1463.

(*a*) In the instant case there was evidence from which the jury were authorized to find that the driver of the defendant's motor-bus was, at the time of the collision between the bus and the automobile in which the plaintiff was riding, acting within the scope of his employment as the servant of the defendant. Accordingly, the court did not err in overruling the defendant's motion, made at the conclusion of the testimony offered on behalf of the plaintiff and renewed at the conclusion of the testimony for both sides, to dismiss the plaintiff's case upon the ground that under the pleadings and the evidence there could be no legal recovery.

(*b*) The verdict can not be set aside upon the general grounds of the motion for new trial, as amplified by many of the special grounds, as being unauthorized by the evidence, upon the ground that a finding was demanded that the driver of the motor-bus, on account of whose negligence a recovery was sought, was not, at the time of the injury to the plaintiff, acting within the scope of his employment as a servant of the defendant.

(*c*) The court properly submitted to the jury for determination, as a question of fact, whether or not the driver of the motor-bus was, at the time of the injury to the plaintiff, acting within the scope of his employment as a servant of the defendant, or whether he was at that time in fact the servant of the third person to whom the defendant had hired its motor-bus and driver, and instructed the jury that in such latter event there could be no recovery against the defendant on account of the negligence of the driver. Accordingly, the instruction of the court to the effect that the defendant was required, through its agents, servants, and employees, to exercise ordinary care in so far as the particulars charged in the petition were concerned, was not error because of

taking away from the jury the right to determine whether the driver of the motor-bus was, at the time of the accident, the servant of the defendant, acting within the scope of his employment; nor was such charge error as amounting to an expression of opinion that under the evidence the driver of the bus was in fact the servant of the defendant, acting within the scope of his employment, at the .time of the accident.

2. Upon the jury returning a verdict in favor of the plaintiff for $5,000, and one of the jurors stating, in response to an inquiry by counsel for the defendant as to whether the verdict was a quotient verdict or unanimous, that it was not unanimous, the other jurors stating that it was unanimous, it was proper for the judge to instruct the jury to return to their room and agree upon a verdict that would be unanimous. And where the jury thereafter returned a verdict in favor of the plaintiff in the same amount, and, on being polled, each juror stated that it was a unanimous verdict, it can not be set aside on the ground that the action of the court in directing the jury to return to their room and agree upon a verdict that would be unanimous amounted to a coercion of the jury or deprived them of their "right to disagree."

3. The charge of the court that "under our law no person shall operate a motor-vehicle upon any public street or highway at a speed greater than is reasonable and safe, having due regard for the width, grade, character of traffic and common use of the street or highway, or as to endanger life, limb or property in any respect whatsoever; and in no event shall the speed be in excess of forty miles per hour," was substantially in the language of the act approved August 8, 1927 (Ga. L. 1927, p. 226, § 11), and was not based upon the act of November 30, 1915, dealt with by the Supreme Court in *Jones* v. *State*, 151 *Ga.* 502 (107 S. E. 765). The act of 1927 is not too vague and indefinite in its terms to furnish a rule of civil conduct. *Strickland* v. *Whatley*, 142 *Ga.* 802 (83 S. E. 856) ; *Quarles* v. *Gem Plumbing Co.*, 18 *Ga. App.* 592 (3) (90 S. E. 92).

4. The charge of the court in instructing the jury with reference to the measure of damages for pain and suffering, that in determining this item they would "consider what sort of injury the plaintiff received," and the further charge of the court in limiting the recovery to pain and suffering, physical impairment, or other disability "due to the injury received on this occasion," could not reasonably be construed as an expression of opinion that the plaintiff had in fact received an injury.

5. The evidence authorized the verdict in favor of the plaintiff, and for no reason assigned can it be here set aside.

*Judgment affirmed. Stephens and Bell, JJ., concur.*

DECIDED FEBRUARY 14, 1931.

*Bryan & Middlebrooks,* for plaintiff in error.
*Howell, Heyman & Bolding,* contra.