26432. McKINNEY *et al.* v. DARBY.

Decided October 30, 1937.

*H. G. Vandiviere, Howell Brooke,* for plaintiff in error.

*John S. Wood,* contra.

GUERRY, J. James Darby, by next friend, brought this action against J. F. McKinney & Company, a partnership, and Howard McKinney, for damages for personal injury alleged to have been brought about by the negligent operation of an automobile belonging to J. F. McKinney & Company by Howard McKinney, an employee of said firm. J. F. McKinney & Company answered, and filed a cross-bill for damages for injury to its automobile alleged to have been caused by the negligence of the plaintiff. Howard McKinney filed a separate answer, and also filed a cross-bill seeking damages for personal injuries alleged to have been caused by the negligence of the plaintiff. The jury returned a verdict in favor of the plaintiff in a named sum, and the defendants excepted to the overruling of their motion for new trial. The allegations of plaintiff's petition make it appear that on October 30, 1934, plaintiff drove a model T Ford truck to Canton, Georgia, delivered a load of wood, and shortly after dark, about 5:30 p. m., he started on the return journey home. About a mile from Canton the truck developed motor trouble, and plaintiff stopped for the purpose of undertaking to repair the trouble. At the point where plaintiff stopped there was a guard-rail beside the highway, on the right-hand side, in the direction in which he was driving, placed at a point slightly more than six feet from the edge of the pavement on said highway, and in stopping the truck he drove it as far off said highway as this guard-rail would permit. The only parts of the truck that remained upon the paved portion of the highway were the left wheels and that portion of the truck extending over said wheels. In attempting to repair the truck plaintiff had a lantern for light, and after getting out of the truck he saw the lights of the automobile of J. F. McKinney & Company approaching in the same direction that he was headed, around a curve approximately 250 yards from him, and he immediately went to the rear of his truck with the lighted lantern, and approximately six feet from the edge of the pavement, "in order to give notice of the location of said truck on and adjacent the highway, which position he occupied until he was struck by said automobile." The

automobile was being operated by Howard McKinney at a high and excessive rate of speed, to wit: sixty miles per hour. When defendant's automobile approached along said highway to within thirty feet of where plaintiff was standing, it was suddenly swerved to the right, and left the pavement and crashed into the guard-rail and struck plaintiff while still going at a high and excessive rate of speed, knocking him against the guard-rail and against the truck and injuring him in a described manner. The petition alleged that the defendant was negligent: "(a) In driving and operating said automobile at a high and excessive rate of speed. (b) In driving said automobile off of said highway on the shoulder thereof, as hereinbefore alleged. (c) Petitioner shows that the rate at which said automobile was being operated as aforesaid by the said Howard McKinney was unlawful, and as such was negligence per se. (d) Petitioner shows that the failure of the defendant Howard McKinney to drive said automobile upon the highway, and to the left of petitioner in passing him, was unlawful and as such constituted negligence per se. (e) Petitioner shows that the failure of the said Howard McKinney to drive said automobile on the paved portion of said highway, and to drive said automobile off of said paved portion of said highway on to the shoulder thereof, where your petitioner was struck, was unlawful, and as such constituted negligence per se. (f) Petitioner shows that the operation of said automobile by said Howard McKinney upon said highway at a greater rate of speed than was reasonable and safe, and in striking your petitioner while off of the paved portion thereof, and in operating said vehicle at a greater rate of speed than forty miles per hour, was negligence per se. (g) In failing to attempt to stop or slow down after the presence of your petitioner had become apparent, was negligence per se. (h) Said Howard McKinney was negligent in not keeping said automobile under immediate control. (i) Said Howard McKinney was negligent in permitting said automobile to strike your petitioner and damage him as herein stated."

In the motion for new trial exceptions are taken to the refusal of the judge to allow a witness for the defendant to testify that immediately after the accident he examined the wiring system of the plaintiff's truck, and found that the wires leading to the lights of the truck were not connected with the battery. Had

it been an issue whether plaintiff had any lights burning on his truck at the time of the accident, it might be that this evidence would have been admissible, and its exclusion reversible error. However, the plaintiff in his testimony admitted that at the time of the collision none of the lights on the truck were burning, and that the only light being used was a lantern which he held in his hand. It not being disputed that at the time of the collision no lights were on the truck, we can hardly see any relevancy or necessity of testimony that the wiring system of the lights was such that it would have been impossible for plaintiff to turn them on. It is true that the plaintiff testified: "I had not been having any trouble with the lights on my automobile truck since I had had them fixed. Prior to the time that I had delivered this wood and started back home that afternoon I had other means of making a light other than the lights on the car. I had a lantern." And it is true that the testimony rejected would have tended to contradict the inference of plaintiff that his lights were in good working order at the time of the accident, though not in use. However, since whether or not his lights were in working condition at the time of the accident was not a material issue, since nowhere did plaintiff attempt to allege or prove that his lights were burning at the time of the accident, but on the contrary admitted that they were not turned on, the rejected evidence was not admissible solely for the purpose of impeachment by disproving facts testified to by the plaintiff. A witness may not be impeached upon a subject immaterial to the issues involved in the trial of the case. *Atlanta Railway & Power Co.* v. *Monk,* 118 *Ga.* 449, 454 (45 S. E. 494). In view of the admission of the plaintiff that at the time of the accident he did not have any lights burning on his truck, it can be said with good reason that the rejection of this evidence, even though admissible, was not harmful to the defendant.

■ The judge in his charge to the jury read them the specifications of negligence contained in the plaintiff's petition, which we have set out above. He further charged: "Now, as applicable to the contentions of the plaintiff, I charge you that if the defendant, Howard McKinney, was negligent in some one or more or in all of the respects and particulars named in the plaintiff's petition, and if you should believe that as a result of such negligence, if you believe such negligence existed, the plaintiff was injured

and damaged, and you believe that the plaintiff was not guilty of such negligence as under these instructions would bar a recovery, then I charge you that the plaintiff would be entitled to recover, unless barred under some other rule of law which the court has given you or will give you in charge." It is insisted that the charge that if the defendant "was negligent in some one or in all the respects and particulars named in plaintiff's petition" was error, because "the driving and operating said automobile at a high and excessive rate of speed" does not constitute a legal basis for recovery, for the reason that it is too vague and indefinite, and that there is no law making "a high and excessive rate of speed" an act of negligence, as charged in the petition. The same complaint is made as to it being alleged that it was an act of negligence to drive "off of said highway on the shoulder thereof." Further complaint is made of the charge in that there was no evidence to support the allegation that "the rate of speed at which said automobile was being operated was unlawful and negligence per se," or the allegation that the automobile was being operated at a rate of speed greater than was reasonable and safe, and in striking petitioner while off the paved portion thereof, and in operating said vehicle at a greater speed than forty miles per hour was negligence per se. There is no complaint that the court failed to properly charge the law as to what constituted negligence per se, or to fully cover the rules necessary to be given the jury in a consideration of a case of like kind. Whether a high and excessive rate is capable of exact definition or not we are not called upon to consider. There was no demurrer to the allegation. Such an expression is subject to the same interpretation as any alleged act of negligence is, and therefore becomes peculiarly a matter for interpretation by the jury. The same might be said of the complaint in reference to the allegation of negligence in "driving said automobile off the highway on the shoulder thereof." Whether or not a named act or set of acts constitutes negligence under the circumstances is a question for the jury. It is true, as stated in *Central of Georgia Ry. Co.* v. *Keating,* 177 *Ga.* 345 (170 S. E. 493), that "The court erred in charging the jury that the plaintiff would be entitled to recover if he proved any one or more of his alleged grounds of negligence, where one of such grounds did not constitute a legal basis for a recovery." However, in the

present case the court left with the jury under proper instructions the right to determine whether or not the alleged acts did or did not constitute negligence. It does not affirmatively appear from the petition (which is not demurred to) that any of the acts alleged were not negligent as a matter of law. We are unwilling to say in the present case that any of the allegations of negligence in the petition may not constitute a basis of recovery. It is a jury question. While it may be true that a statute prescribing that it shall be a penal offense to drive an automobile at a greater rate of speed than is reasonable and safe under the circumstances, or to operate an automobile at a high and excessive rate of speed, is void as being too indefinite, it does not follow that such provisions are not good as rules of civil conduct. *Hayes* v. *State*, 11 *Ga. App.* 371 (75 S. E. 523); *Quarles* v. *Gem Plumbing Co.*, 18 *Ga. App.* 592 (3) (90 S. E. 92). The remaining assignments of error are without merit.

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*