(f) We come next to consider whether the judge, under the terms of the original sentence of August 23, 1941, was authorized to pass the order of March 27, 1942, and subject the defendant to the service of the term of twelve months in the chain-gang as specified in the last order. The original sentence provided that the sentence should be suspended "until further order of the court." We think that, under the terms of this sentence, the court had authority to compel the defendant to serve any portion of it remaining within the limits of twelve months next succeeding August 23, 1941, the date of the original sentence, with or without cause. The provision in the original sentence "until further order of the court" sufficiently complied with the provisions of the Code, § 27-2702, to authorize the court to use his discretion in revoking. We therefore hold that the court had authority, on March 27, 1942, to compel the defendant to serve the remainder of his twelve-months sentence on the public works of the county, but he did not have authority to compel the defendant to serve the period of twelve months from March 27, 1942. It is therefore ordered that the order and sentence of the court passed on March 27, 1942, be so modified as to sentence the defendant to the remainder of the term for a period of twelve months from August 23, 1941. The interim between the time of revocation, March 27, 1942, and the time of the reception of the defendant by the proper county authorities of the public works shall not be computed as any part of his sentence served. Let these directions be executed, and let the judgment be affirmed.

Judgment affirmed, with direction. Broyles, C. J., and MacIntyre, J., concur.

29803. WEAVER v. THE STATE.

DECIDED SEPTEMBER 25, 1942.

George M. Johnston, for plaintiff in error.
Fred T. Lanier, solicitor-general, contra.

GARDNER, J. The defendant was convicted of voluntary manslaughter. His motion for new trial was overruled and he excepted.

1. The special ground assigns error because the court charged on the law of voluntary manslaughter. The defendant contends that the evidence did not authorize a charge on voluntary manslaughter. The judge certified in his order overruling the motion for new trial that the defendant requested the court to charge the law applicable to voluntary manslaughter. This being true the defendant is not in a position to complain. *Norris* v. *State,* 40 *Ga. App.* 232 (149 S. E. 158): "A party will not be heard to complain of an error which he has invited; and instructions complained of which are in accord with requests to charge presented by the complaining party are not ground for a new trial." See also *Howard* v. *State,* 115 *Ga.* 245 (41 S. E. 654). The evidence, however, warranted the charge on voluntary manslaughter.

2. In view of what is said hereinbefore, the general grounds are also without merit.

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*

## 29841. PIRKLE v. THE STATE.

DECIDED SEPTEMBER 25, 1942.

*E. C. Brannon,* for plaintiff in error.

*G. Fred Kelley,* solicitor-general, *J. E. Frankum,* contra.

GARDNER, J. The accused was convicted on an indictment which contained two counts. The first count charged that "he did maintain and keep a lewd house for the purpose of fornication or adultery," under the Code, § 26-6102. The second count charged him with a violation of § 26-6103, in that he did "keep