**GANN et al. v. KEITH et al.**

No. 12275.

Court of Civil Appeals of Texas.
San Antonio.

April 9, 1952.

Rehearing Denied May 7, 1952.

Chas. J. Lieck, San Antonio, Murray & Murray, Floresville, for appellants.

Carl Wright Johnson, Nat L. Hardy, San Antonio, for appellees.

NORVELL, Justice.

The former opinion of this Court in this cause is reported in 240 S.W.2d 822. The opinion of the Supreme Court upon petition for writ of mandamus, Gann v. Murray, is reported in 246 S.W.2d 616, 620.

In the mandamus proceedings Gann and others, plaintiffs below and appellants here,

sought to compel this Court to certify the following question to the Supreme Court:

"When on the trial of the pleas of privilege filed by the appellees, Raymond Earl Mabra and Ben E. Keith, appellants proved commission of two crimes in Wilson County, Texas, by the appellee, Raymond Earl Mabra, while acting in the course of his employment for said appellee, Ben E. Keith, both of which crimes were negligence as a matter of law, was it necessary for appellants to prove that at least one of such crimes was the proximate cause of their injuries in order to establish venue in Wilson County, Texas, under Exception 9 of Article 1995, Vernon's Annotated Civil Statutes of Texas?"

In its opinion the Supreme Court suggested that a negative answer was proper and held that, "Plaintiffs were required to prove 'that the crime * * * was in fact committed and that it was committed in the county where the suit is pending.' Compton v. Elliott, supra. The pleadings will determine as a matter of law for purposes of venue whether or not their suit is based upon that crime."

The Supreme Court's direction to this Court was as follows:

"Under Rule 475, T.R.C.P., the Honorable Court of Civil Appeals for the Fourth Supreme Judicial District of Texas is directed to conform its ruling and decision to this opinion. Costs are taxed against respondents."

The Supreme Court disapproved of the rule heretofore followed by this Court and set forth in Thomas v. Meyer, Tex.Civ. App., 168 S.W.2d 681, and held that although exception 9 of Article 1995, Vernon's Ann.Civ.Stats., required a causal connection between the injury suffered and the crime committed for an action to constitute a "suit based upon a crime," it was not necessary to prove this causal connection by a preponderance of the evidence as this was not a "venue fact" requiring proof. It was said that "this (causal connection) is determined on a venue hearing as a matter of law from the pleadings."

The Supreme Court, as pointed out in its opinion, did not have before it either the record or the briefs filed in this Court, and expressly limited its decision to the question of causal connection and refrained from passing "upon the question of whether an offense was alleged and proved in the case at bar." In our former opinion, we assumed, without deciding, that a violation of the penal code had been shown. However, in view of the action of the Supreme Court in overruling Thomas v. Meyer, Tex.Civ. App., 168 S.W. 681, it now becomes our duty to decide whether or not the evidence shows that a crime was in fact committed. Compton v. Elliott, 126 Tex. 232, 88 S.W. 2d 91.

Although not required to do so, Rule 385, subd. (e), Texas Rules of Civil Procedure, the trial judge made the following findings of fact and conclusions of law:

"1. I find that the Defendant Mabra, on the 18 day of October, 1948, was operating a tractor trailer type truck, proceeding north in Wilson County, Texas, on Highway No. 123, between Karnes City and Stockdale.

"2. That said tractor truck became disabled by reason of the sheering off of the lug bolts on the right rear dual wheels of the tractor part, thereby completely disabling said tractor to the extent that it could not be moved off the highway by its own power and was stopped in its righthand traffic lane of the traveled portion of said highway.

"3. That thereupon the driver of said truck, the defendant Mabra, but out three flares, one to the north of said truck and in front thereof, one approximately two feet to the rear of the left hand rear corner of the trailer and one 82 feet to the rear of the rear end of the trailer, said flares being what is known as reflector type flares; and also left said truck and trailer lighted with twenty-three lights thereon burning, some of which were on the rear end of said trailer, being clearance lights at the top and bottom thereof on each side, tail lights and three lights across the center of the top of the trailer.

"4. That thereupon said defendant left the scene and went to secure aid to move said truck and trailer. All of

which occurred after dark on the evening of said date.

"5. I find that thereafter Louis Gann, and the plaintiff, Dan Jackson, and Louis Gann's wife and daughter, all riding in the front seat of a pick-up, approached the scene from the south, proceeding in the same direction that said truck had been proceeding, and ran into the rear end of said trailer, striking it on the righthand side thereof, and that as a result of said collision Louis Gann and his wife and daughter were all killed and that the plaintiff, Dan Jackson, was injured.

"6. I find that from the time the defendant Mabra left said truck and trailer up to and including the time the pick-up ran into the same the lights thereon continued to burn and the flares were out in the manner above indicated.

"7. I also find that from the point where said truck trailer was and where said collision occurred to the south, the direction from which the pick-up approached, the road is straight for approximately one mile and that the lights on the trailer were visible for a distance of approximately one mile to the extent that a person approaching from that direction would have no difficulty in seeing the same.

"8. In that connection I find that the night in question was a clear night and that there is no evidence of any lights approaching from the opposite direction at the time interfering with the vision of the driver of said pick-up.

"9. I also find that none of the acts of the defendant Mabra in stopping the truck, lighting the same or putting out the flares in the manner above stated were a proximate cause of the collision in question, but that the sole proximate cause of the collision in question was the failure of the driver of said pick-up to see and avoid striking said trailer.

"*Conclusion of Law:*

"I conclude, based upon the Findings above made, that the plaintiffs have failed to show by a preponderance of the evidence any facts which would entitle them to maintain the said suits in Wilson County, Texas, and therefore the pleas of privilege should be sustained."

The following additional findings were requested and refused:

"*Finding of Fact:*

"1. That when the truck-tractor was left standing on the highway by the defendant Mabra, its head lamps were turned off by the defendant Mabra, and were not lighted from that time until the time of the collision.

"*Conclusions of Law:*

"1. That leaving said truck tractor standing on the highway without the head lamps lighted thereon was not in compliance with Section 121 of Article 6701d of the Revised Civil Statutes of Texas, and was a violation of the penal laws of the State of Texas.

"2. That the placing of the flare to the rear of the rear end of the trailer was a substantial compliance with Section 138 of Article 6701d of the Revised Civil Statutes of Texas, but that such section of such article is void and unconstitutional for lack of certainty.

"3. That the placing of the flare to the rear of the rear end of the trailer was not in compliance with Section 9–a of Article 827a of the Penal Code of Texas, and was a violation of the penal laws of the State of Texas."

Appellants' points of error are as follows:

"Point 1. The trial Court erred in sustaining appellees' pleas of privilege, because the evidence proved that the truck tractor was left standing on the highway, by the appellee Mabra, without its head lamps lighted thereon, such omission being in violation of Section 121 of Article 6701d of the Revised Civil Statutes of Texas, a 'crime' within the meaning of Exception 9 of Article 1995 of said statutes, and negligence as a matter of law.

"Point 2. The trial Court erred in sustaining appellees' pleas of privilege,

because the evidence proved that the appellee Mabra placed a flare to the rear of the rear end of the trailer at a distance of not more than 82 feet, such act being in violation of Section 9–a of Article 827a of the Penal Code of Texas, a 'crime' within the meaning of Exception 9 of Article 1995 of the Revised Civil Statutes of Texas, and negligence as a matter of law."

Appellees' counterpoints are as follows:

"*First Counterpoint.* The court properly sustained plea of privilege to order the suits transferred because appellants wholly failed to prove that any *crime* was committed upon which appellants could base an action for civil liability against the appellees.

"*Second Counterpoint.* The court properly sustained the plea of privilege and ordering the suits transferred because appellants wholly failed to prove that the alleged *crimes,* if committed, were the proximate cause of the accident for which damages are sought or had any causal connection therewith."

It was the second counterpoint which the Supreme Court held was improperly sustained. The issues remaining in the case relate to asserted violations of Article 6701d, § 121, Vernon's Ann.Civ.Stats., and Article 827a, § 9–a, of Vernon's Ann.Pen. Code.

Article 6701d, § 121, provides that:

"Whenever a vehicle is parked or stopped upon a roadway or shoulder adjacent thereto, whether attended or unattended during the times mentioned in Section 109, such vehicle shall be equipped with one or more lamps which shall exhibit a white light on the roadway side visible from a distance of five hundred (500) feet to the front of such vehicle and a red light visible from a distance of five hundred (500) feet to the rear, except that local authorities may provide by ordinance or resolution 'that no lights be displayed upon any such vehicle when stopped or parked in accordance with local parking regulations upon a highway where there is sufficient light to reveal any person

within a distance of five hundred (500) feet upon such highway. Any lighted head lamps upon a parked vehicle shall be depressed or dimmed."

The allegations of the controverting affidavits relied upon as raising the point are as follows:

"(c) Plaintiff alleges that said defendant permitted said vehicle to be on the highway at nightime without having all of the lights lit thereon, which was in violation of the Penal Laws of Texas, and a proximate cause of the plaintiffs' damages and injuries."

The evidence relied upon to show a violation of Article 6701d, § 121, is as follows:

"Q. Did you see any headlights. burning on that truck? A. (By witness, Homer Spellman) No, sir, I didn't see no headlights. * * *

"Q. When you arrived there, were the headlights burning on the truck? A. (By the witness Homer Spellman) No, sir. There was a spot light burning facing downward. The headlights had been turned out. * * *

"Q. If you have stated that you left night lights burning on your truck, then state in detail how the truck was lighted, stating whether headlights, clearance lights and tail lights were left burning. A. (By Appellee Mabra) There were no headlights left burning on the truck, but there were seven lights on the rear of the truck, one on each corner of the top, a cluster of three in the center at the top, and two tail lights underneath the truck; and there were four lights on each side of the trailer and two lights in front of the trailer; and there were three cab lights on the tractor and two marker lights and one tail light on the rear of the tractor; making a total of twenty-three lights left burning."

■   Article 6701d, § 121, does not require that a vehicle left or parked on the highway have "all of the lights lit thereon," or that headlights be left burning. It requires an exhibition of "a white light on the roadway side visible from a distance of five hundred (500) feet to the front of

such vehicle." There is no showing that such light was not exhibited. The indications of the evidence are to the contrary. We overrule appellants' first point.

■■ The burden of appellants' second point is complicated and ingenious. Article 6701d, § 138, provides that when a motor vehicle becomes disabled upon the highway lighted flares shall be placed on the roadway "at a distance of approximately one hundred (100) feet in advance of the vehicle, (and) one at a distance of approximately one hundred (100) feet to the rear of the vehicle."

Appellants' second point does not present the contention that the placing of a flare 82 feet to the rear of the vehicle (as found by the trial court) did not constitute a compliance with Article 6701d, but refers to Article 827a, § 9–a of the Penal Code. This section provides that a warning signal shall be placed upon the highway not less than 150 feet and not more than 200 feet from the parked vehicle in every direction from which another vehicle may approach. It is argued that Article 6701d, § 138, is unconstitutional and void for want of certainty; that it therefore could not operate to repeal Article 827a, § 9–a, of the Penal Code which is consequently now in full force and effect. The constitutional provision involved is Article 1, § 10, Vernon's Ann.St., Griffin v. State, 86 Tex.Cr.R. 498, 218 S.W. 494, which provides that, "In all criminal prosecutions the accused shall have a speedy public trial by an impartial jury. He shall have the right to demand the nature and cause of the accusation against him, and to have a copy thereof. * * *" We have no one before us charged with crime in a criminal prosecution, but in order to determine what should be a relatively uncomplicated venue matter, we are supposed to act like we did. However, the Court of Criminal Appeals, so far as we know, has never condemned Article 6701d, § 138, and the Texarkana Court of Civil Appeals has held that Article 6701d, § 138, repealed Article 827a, § 9–a, of the Penal Code, Simmons v. Germany, Tex.Civ.App., 231 S.W.2d 774, 776, and thus considered the same as a valid operative statutory provision.

The Texarkana Court said:

"By points of error Nos. 2, 3 and 4, the appellants assert that the sections or subdivisions 9–a and 10 of Article 827a, P.C. of Texas, were repealed by the enactment of the Uniform Traffic Act Regulating Traffic on the Highways of Texas, passed by the 50th Leg. 1947, and which was in effect on the date of the accident. They assert that since the plaintiff has grounded his case upon the statutes referred to by him and since said statutes have been repealed by the Uniform Traffic Act, the defendants could not be guilty of a crime or offense by violation of the repealed statutes and that the action of the trial court in overruling the plea of privilege was erroneous.

"The Uniform Traffic Act provides that all laws and parts of laws in conflict with its provisions are repealed. We will dispose of the contention of appellants with reference to the provisions of Section 9–a of Art. 827a, supra, by holding that in our opinion there are such conflicts between said Sec. 9–a and Sec. 138 of the Uniform Traffic Act, Art. 6701d, Vernon's Civil Tex. Statutes, as to make Sec. 9–a of the original penal act ineffective for purpose of this suit. Both acts relate to placing of flares on the highway, prescribing the types, number, distances, etc. We do not deem it necessary to extend this opinion by setting out the provisions of said acts in the respects noted nor pointing out the particular conflicts. They are readily discernible from a reading of both acts."

We have no inclination to depart from the holding above stated. Appellants' second point is overruled.

This holding effects no change in the disposition of this cause and the original order of affirmance will remain in effect.

■ We believe it appropriate here to say that the venue laws of this State, particularly those applicable to the automobile negligence case, are highly unsatisfactory. There is no venue provision specifically relating to a suit based upon negligence,

and in such cases the crime-trespass clause, i. e., exception 9 of Article 1995, is generally relied upon to hold venue in some county other than the residence of the defendant. The "suit based upon a crime" was apparently made the basis of a venue provision by an Act of the Legislature, approved May 13, 1846, 2 Gammel's Laws of Texas 1669, Laws of the First Legislature of the State of Texas, p. 363. The trespass provision is contained in an Act of the Legislature approved December 10, 1863, 5 Gammel's Laws of Texas 664, Acts 10th Legislature, p. 10. Long before the invention of the automobile, this clause was construed in such manner as to make it wholly inadequate to meet present day conditions, but the time is now past when a judicial decision may properly restrict "the suit based upon a crime" to those statutory actions which expressly provide for a civil recovery as well as a criminal punishment, although the wording of the 1846 statute affords some basis for such construction, viz., "Where the defendant has committed some crime or offense for which a civil action for damages may be commenced, on which cases suit may be instituted in the county where the crime or offense was committed, or in the county where the defendant has his domicile." It may safely be said, however, that the First Legislature did not have in contemplation the complications which would be introduced into our venue system by the adoption of an elaborate automobile traffic code composed of some 150 sections defining various crimes with more or less certainty. Likewise, the courts can not now properly overrule the decision of Ricker v. Shoemaker, 81 Tex. 22, 16 S.W. 645, which unfortunately restricted the rule of Hill v. Kimball, 76 Tex. 210, 13 S.W. 59, 7 L.R.A. 618, by rejecting in part the concept of "trespass on the case" and introduced into our jurisprudence for venue purposes only, a new and confusing form of "trespass" peculiar to Texas and about which there has developed no uniformity of judicial opinion.

When and if this case is tried upon the merits it will not be termed a "suit based upon a crime" or a "suit based upon a trespass," but will be referred to as a "negligence case." Why then should we not have a venue provision relating to the "negligence case"? Upon the merits, an inquiry into the asserted liability of defendant may not involve Article 6701d, § 138, nor the question of its constitutionality. A legislative enactment may constitute a rule of civil conduct even if considered too uncertain for a penal proscription. Houston & T. C. Ry. Co. v. Stevenson, Tex.Com.App., 29 S.W.2d 995.[1] Similarly, in the "suit based

1. It is difficult to see how a criminal statute may be declared unconstitutional for uncertainty as being contrary to Article 1, § 10, of the Constitution, except in a criminal case where the constitutional safeguard is invoked by an accused for his protection. The person who was in charge of the truck and was a defendant below is not claiming the protection of the constitutional provision requiring certainty in criminal charges, nor is he asserting that the statute is inadequate to establish a rule of conduct applicable to civil liability. Those seeking damages from him are, in effect, attempting to assert these contentions for him,

At common law, insofar as civil liability is concerned, it can not be doubted that one leaving a vehicle upon the highway is under a duty to warn others using the highway of its presence. In the absence of a statute, the test of the reasonably prudent man would apply—a standard admittedly uncertain and probably not suited for a determination of criminal liability. If a statute be sufficient in clarity to prescribe a standard of civil conduct under such circumstances, it should be recognized. This is pointed out by Dean Morris in his article on "The Role of Criminal Statutes in Negligence Actions," 49 Columbia Law Review 21, Studies in the Law of Torts, 141, l. c. 168, as follows:

"Of course an unconstitutional criminal statute is an invalid legislative command to even a criminal court and a fortiorari, should not ordinarily be a measure of civil responsibility. One exception: Some vague criminal statutes are unconstitutional for uncertainty, and yet are virtually a restatement of the traditional common law of negligence. Use of the phraseology of these statutes in a damage suit jury charge happens, then, to be proper. E. g., Quarles v. Gem Plumbing Co., 1916, 18 Ga.App. 592, 90 S.E. 92; Solan & Billings v. Pasche, Tex.Civ.App., 1913, 153 S.W. 672."

upon a trespass," liability is not based upon the quality of the negligence involved, that is, whether it be active or passive—an elusive and illogical distinction to say the least. Cederson v. Oregon R. & Nav. Co., 38 Or. 343, 62 P. 637, 63 P. 763. These refinements, as well as others, are examples of technicalities peculiar to matters of venue only and which have little or no resemblance to the issues that will determine liability upon the trial of the merits. They confuse, confound and encumber trial convenience and often obstruct justice.

The litigant comes into court with the simple question of "where shall I try my negligence case"? The method of arriving at an answer is at times strikingly absurd. Questions of constitutional law, criminal law, qualities of negligence, even rebuttal issues, Heard & Heard v. Kuhnert, Tex. Civ.App., 155 S.W.2d 817, or such seemingly incongruous matters as the pleading of a partnership, Dillard v. Smith, 146 Tex. 227, 205 S.W.2d 366, may become involved.

While the decision of the Supreme Court herein represents a step toward simplification, the feature of this case that will perhaps most interest the student of the judicial process is not the question of whether or not "proximate cause" should be considered a "venue fact" but rather the number of the opinions written, the length thereof and the variety of matters considered, all for the purpose of determining what should be a matter readily and easily ascertained, namely, where—in what county—should this suit be tried. This case well illustrates the truth of Dean Stevens' statement that, "Modern procedural reform movements have swept by the problems of venue with but little notice. This is unfortunate, for all too many cases are decided on a venue technicality, with complete disregard for the merits." Venue Statutes: Diagnosis and Proposed Cure, by George Neff Stevens, 49 Michigan Law Review 308.

The article cited demonstrates that the suit for civil liability, based upon violation of a criminal statute (if this be a "suit based upon a crime"), may be and often is a difficult and technical procedure. A suit "based upon a crime" is

Courts are hesitant to overrule prior decisions, particularly those construing statutes, after numerous sessions of the Legislature have been convened and no action had been taken disapproving or disavowing the statute as judicially construed. Bowman Biscuit Co. of Texas v. Hines, Tex.Sup., —— S.W.2d ——. But this hypothesis of Legislative approval is at best a mere presumption and it therefore seems appropriate to call the attention of the Legislature to those portions of the statutory law that are not working satisfactorily and which do not promote the effective administration of justice.

This is the last half of the twentieth century. The judicial process with all of its protections, safeguards and benefits, is in a sense on trial and stands compared with competing executive systems. If it is to survive, clear answers to simple questions must be devised. Litigants must not be denied final hearings while judges struggle with outmoded and inappropriate laws and wrestle with legal obscurities which are immaterial to the merits of the case.

commonly a negligence action, but no rational public policy is served by singling out this particular type of a negligence action for special treatment under our venue statute.