34864. WILLIS *et al. v.* JONES *et al.*

DECIDED FEBRUARY 25, 1954—ADHERED TO ON REHEARING APRIL 1, 1954—
SECOND MOTION DENIED APRIL 2, 1954.

*Phillips, Johnson & Williams,* for plaintiffs in error.

*Ferdinand Buckley, Marshall, Greene, Baird & Neely,* contra.

QUILLIAN, J. This was an action in which the plaintiffs sued for damages to an automobile allegedly resulting from the negligence of the defendants. One of the defendants filed a counterclaim against the plaintiffs for damages to his automobile allegedly caused by the negligence of the plaintiffs. The jury found for the defendants, and the plaintiffs except to the denial of their motion for a new trial.

1. The first assignment of error is on the following charge: "If the jury believes that the plaintiffs, Mr. and Mrs. Willis, in the transaction under investigation, through their son, were guilty of some negligence, but if you believe that that negligence did not amount to a lack of ordinary diligence; and if you further believe that such negligence was not as great as the negligence of the defendants, if any; then under those circumstances, the plaintiffs, Mr. and Mrs. Willis, would be still entitled to recover damages if the defendants, Mr. and Mrs. Jones, were guilty of negligence proximately contributing to the plaintiffs' injury, if any, but you would reduce the amount of recovery in proportion to the amount of default attributable to the plaintiffs by their son, if any." The court erred in charging in substance that the plaintiffs could not recover under the comparative-negligence principle unless the plaintiffs' negligence was less than the failure to exercise ordinary care. The trial judge at the point of the excerpt excepted to was not referring to the negligence of the plaintiffs in failing to avoid the negligence of the defendants after it was discovered or should have been discovered by the exercise of ordinary care. He was referring to negligence of the plaintiffs which preceded or concurred chronologically with

the alleged negligence of the defendants. The decisions on this question are so confusing and conflicting that a trial judge would be justified in charging either one of two conflicting principles, depending on which case he chose for a guide. We are of the opinion that the true comparative-negligence rule is that, if a plaintiff and defendant are both guilty of negligence which concurs proximately to bring about an injury to a plaintiff, if the defendant's negligence is sufficient to predicate an action on, for example, ordinary negligence, and if the plaintiff is negligent, even if his negligence amounts to a failure to exercise ordinary care, and the plaintiff's negligence is not equal to or greater than that of the defendant, the plaintiff would still be entitled to recover, provided the plaintiff could not have avoided the consequences of the defendant's negligence by the exercise of ordinary care after it was actually discovered or should have been discovered by the exercise of ordinary care. The mere fact that the plaintiff might have been guilty of ordinary negligence before the duty arose to discover and avoid the defendant's negligence would not in and of itself preclude a recovery by the plaintiff. There are degrees of negligence between the minimum, where the evidence barely shows ordinary negligence, and where wilful and wanton conduct is shown. Within these extremes the negligence of the plaintiff and defendant may differ and may be compared, under the rule. We think that this conclusion is the only reasonable one in view of Code §§ 105-603 and 94-703. While the first of the above sections does not refer to the method of computing damages, the second has been applied to all kinds of negligence except when a special statute governs. There are only two exceptions in the two sections as applied by the courts to the right of recovery by a plaintiff who has been guilty of negligence concurring with that of a defendant to cause an injury. One is that a plaintiff may not recover if he could have avoided the negligence of the defendant by the exercise of ordinary care. The other is implicit and is that a plaintiff cannot recover if his negligence is equal to or greater than that of the defendant. Such a result follows the apportionment formula. Of course, a plaintiff cannot recover if his negligence is the *proximate cause* of his injuries. This rule is not another exception to the rule stated in the Code sections referred to, because these sections

refer only to cases where the concurring negligence of the plaintiff and defendant *combine proximately* to cause the injury. Code § 66-402 is an exception to the rule we have stated and refers only to cases involving the injury to or death of an employee of a common carrier by railroad. We do not presume to state that we have examined every case on the subject, and we do not propose to cite all of them dealing with the question one way or another. We think, however, that the following cases show the oldest controlling case and the authoritative and controlling rules and interpretations of the Supreme Court involving the oldest case: *Macon & Western R. Co.* v. *Johnson,* 38 *Ga.* 409; *Comer* v. *Barfield,* 102 *Ga.* 485, 489 (2) (31 S. E. 89); *Macon &c. St. Ry. Co.* v. *Holmes,* 103 *Ga.* 655 (30 S. E. 563); *Western & Atlantic R. Co.* v. *Ferguson,* 113 *Ga.* 708 (2) (39 S. E. 306, 54 L. R. A. 802); *Atlanta, K. & N. R. Co.* v. *Gardner,* 122 *Ga.* 82 (3) (49 S. E. 818); *Wrightsville &c. R. Co.* v. *Gornto,* 129 *Ga.* 204 (4) (58 S. E. 769); *Central of Ga. R. Co.* v. *Brown,* 138 *Ga.* 107 (74 S. E. 839); *Wynne* v. *Southern Bell T. & T. Co.,* 159 *Ga.* 623 (126 S. E. 388). Some of the cases from this court stating the wrong rule are *Rollestone* v. *Cassirer & Co.,* 3 *Ga. App.* 161 (59 S. E. 442); *Davies* v. *West Lumber Co.,* 32 *Ga. App.* 460 (123 S. E. 757); *Hexter* v. *Burgess,* 52 *Ga. App.* 819 (184 S. E. 769). Some of the cases from this court stating the correct rule are: *Southern Ry. Co.* v. *Reed,* 40 *Ga. App.* 332 (149 S. E. 582); *Holmes* v. *Georgia Power Co.,* 44 *Ga. App.* 588 (3) (162 S. E. 403); *Lewis* v. *Powell,* 51 *Ga. App.* 129 (179 S. E. 865); *Berry* v. *Jowers,* 59 *Ga. App.* 24 (3) (200 S. E. 195); *Western & Atlantic R.* v. *Burnett,* 79 *Ga. App.* 530 (54 S. E. 2d 357).

In the absence of a brief of the evidence (and there is none here or in the trial court), it cannot be ascertained whether the evidence raised the question of comparative negligence. Ground 1 of the amended motion does not show that comparative negligence was necessarily in the case. It simply shows that the evidence on all issues involved was in conflict. No question of comparative negligence appears in the pleadings. If the question of comparative negligence was involved, the charge was erroneous for the reasons above stated, and is presumed to have been harmful. If the question of comparative negligence was not

involved, the charge was still error for the reasons stated above, and is presumed to have been harmful because it submitted to the jury a question not raised by the pleading and evidence.

It was not harmful error for the court to charge the jury that one would be guilty of negligence per se if he violated the the following portion of statute law: Code (Ann. Supp.) § 68-301, which provides, "(a) No person shall operate a motor vehicle upon any public street or highway at a speed that is greater than is reasonable and safe, having due regard to the conditions then existing, including the width, grade, character, traffic, and common use of such street or highway, or so as to endanger life or limbs, or property in any respect whatsoever." This portion of the statute is too indefinite to be capable of enforcement, but not too indefinite to furnish a rule of civil conduct. The charge, though inappropriate, was not harmful because the jury would have had to find the party guilty of common-law negligence in order to find the violation of the law to be negligence per se, which would have been superfluous. *Strickland* v. *Whatley*, 142 *Ga.* 802 (1) (83 S. E. 856); *Quarles* v. *Gem Plumbing Cc.*, 18 *Ga. App.* 592 (3) (90 S. E. 92); *Atlanta Coach Co.* v. *Curtis*, 42 *Ga. App.* 639 (3) (157 S. E. 344); *McKinney* v. *Darby*, 56 *Ga. App.* 621 (193 S. E. 594).

The court erred in denying the amended motion for a new trial for the reasons stated in division 1.

*Judgment of reversal adhered to on rehearing. Felton, C. J., and Nichols, J., concur.*