## 9871. ATLANTA & WEST POINT RAILROAD CO. *v.* MILLER.

1, 2, 7. The trial judge having repeatedly charged and the plaintiff's counsel having admitted in open court at the trial that the plaintiff could not recover if at the time her husband was killed by the cars of the railroad company he was not at the public crossing as alleged, the jury could not have understood the judge to mean the contrary by any of the instructions complained of.

3. Failure to give a certain instruction to the jury in connection with an instruction given which was correct in itself can not be taken advantage of by excepting to the instruction given.

4. The admission of testimony the admissibility of which was doubtful but which could not have been materially harmful will not require a new trial.

5. Failure to give requested instructions to the jury in the precise language requested is not cause for a new trial where specific instructions to the same effect are given.

6. It not appearing by affidavit of the movant for a new trial and of each of the counsel for the movant that they did not before the trial know of the existence of the alleged newly discovered evidence, and that it could not have been discovered by the exercise of ordinary diligence on their part, the judgment refusing a new trial will not be reversed because of that evidence.

8. Refusal to give certain requested instructions as to what would constitute negligence was not error, that being peculiarly a question for the jury.

9. The instruction complained of as to the method of computation in reducing the gross earning capacity of a decedent to its present worth was harmless.

DECIDED JANUARY 29, 1919.

Action for damages; from Troup superior court—Judge Terrell. April 10, 1918.

The plaintiff sought to recover the value of the life of her hus-
band, who it was alleged was killed by the negligent operation of
the defendant company's cars at and upon a public crossing in the
city of LaGrange. It was admitted by her counsel upon the trial
that if the deceased was not upon the public crossing at the time
he was killed, she could not recover. The defendant denied liabil-
ity, and contended that it was not negligent; that the deceased
was not in the street when killed, but was some distance therefrom,
in the yards of the defendant, on the track and leaning against the
end of the car which ran over him, engaged in a conversation; and
that his death was the result of his own negligent conduct. The
jury returned a verdict in favor of the plaintiff, for $2,000. The
defendant excepts to the refusal of a motion for a new trial.

*Brewster, Howell & Heyman, A. H. Thompson,* for plaintiff in
error.

*Harvey Hill, Arminius Wright, Halton Lovejoy,* contra.

JENKINS, J. (After stating the foregoing facts.) 1. The
motion for a new trial assigns error upon the following excerpt
from the charge of the court: "There was no legal duty upon the
part of the defendant to place a watchman either on the street-
crossing or on the box-car which struck the deceased, if you
believe that the deceased was not in the street and using it as a
passageway, so far as relates to him, unless you find that failure
to have been negligent upon the part of the defendant company."
While the language of the charge may be just here somewhat con-
fused, we do not think that the excerpt, when considered in con-
nection with the entire charge, constitutes harmful error and
could properly require the grant of a new trial. That the jury
could have been misled by the language of this isolated excerpt to
the extent of believing that the defendant could be negligent in
not having a watchman at the street or on the car, regardless of
where the deceased was, or what he was doing at the time of the
homicide, does not seem reasonably possible, in view of the plain
and repeated instructions to the jury wherein the court stated to
the contrary. At one point the judge charged as follows: "If
you should believe that the deceased was killed at some other place
than a public crossing, if you believe from the evidence that the
deceased was killed at a point not a public crossing, then you need
not investigate further, but return a verdict for the defendant.".

And again, "So, gentlemen, you may consider the instructions I have given you, if you find from the evidence deceased was killed at a public crossing. But if you find from the evidence that he was not killed at a public crossing, that would end your investigation, and you would return a verdict in favor of the railroad company."

2. Error is assigned on the following excerpt from the charge of the court: "It is contended by the plaintiff that the defendant 'was further negligent in that its servants kept no proper lookout ahead, and that no brakeman or lookout was stationed on its cars, or on the car which struck the deceased. I charge you, that in looking to all the evidence, the circumstances, the scene of the homicide and all of the surroundings, it is a question for you to determine as to whether or not ordinary care and prudence required that the defendant railroad company should have kept some one constantly on the lookout in front of its moving train, to warn passers-by of danger, and whether or not a failure so to do was negligence upon the part of the defendant company. You may or may not determine that ordinary care and prudence on the part of the railroad company required this, or that the failure so to do constituted negligence on its part. But, if you should determine that ordinary care and diligence so required, and that the failure so to provide some one on the constant watch and lookout was negligence, and that such negligence contributed to or was the cause resulting in the homicide of the deceased, and that at the time, by the exercise of ordinary care and prudence upon his part, he could not have prevented the homicide, then that would make such a case as would authorize a recovery upon the part of this plaintiff." The error assigned is not that these instructions are not abstractly correct, but that they were not applicable to the case being tried, without being properly limited, in that the jury would be authorized thereunder to find for the plaintiff even though the deceased was at some place other than a public crossing at the time he was killed, or, if upon the crossing, was not using it as such. With this contention, however, we can not agree. It was contended by the plaintiff that her husband was killed while attempting to cross the defendant's tracks at a public crossing, and that the defendant was negligent in not having some one on the lookout to warn him of the approaching cars. It was admitted in open court, and the judge repeatedly charged, that unless he was killed

on the public crossing, she could not recover. The charge as quoted instructs the jury that it is for them to determine whether or not a failure on the part of the defendant to keep some one constantly on the lookout in front of its moving train to warn passers-by of danger, was negligence upon the part of the defendant. In giving this charge the court instructed the jury that they were to look to all the evidence, the circumstances, the scene of the homicide, and all the surroundings, and, as stated, repeatedly instructed them that the plaintiff could in no event recover if her husband was not killed upon the public crossing, and at one point the court specifically instructed them that the defendant owed no legal duty to him to place a watchman either on the street-crossing or on the car which struck him, if they should believe that he was not in the street and using it as a passageway. The charge as given was applicable to the plaintiff's contention, and we do not think that the jury could possibly have given it the construction placed thereon by counsel for the defendant.

3. A charge embracing an abstractly correct principle of law applicable to the case is not rendered erroneous merely because of the failure of the court to charge some other and further legal and pertinent principle of law in connection therewith. *Macon Railway &c. Co.* v. *Barnes,* 121 *Ga.* 443 (3) (49 S. E. 282) ; *Smith* v. *Brinson,* 145 *Ga.* 406 (2) (89 S. E. 363) ; *Killian* v. *State,* 19 *Ga. App.* 750 (92 S. E. 227). The third ground of the amendment to the motion for a new trial comes within this general rule, and is therefore without merit.

4. The admission of the evidence complained of in ground 4 was of doubtful propriety, but could not have been materially harmful to the defendant, and therefore can not afford a proper reason for setting aside the verdict and judgment.

5. Error is assigned upon the refusal of the court to charge as follows: "A railroad track is a place of danger, and every one who goes on a railroad track is chargeable with knowledge of that fact, that it is a place of danger, and is under legal duty to exercise ordinary care to protect himself from injury by the operation by the railroad of cars and engines thereon. So, under the law in this case, the husband of plaintiff was required to exercise ordinary care not to be injured when he went on the track of the defendant, whether he was on the public street or not. Even if under the

evidence you should believe the place where the husband of the plaintiff was killed was on the public street, that would not excuse him from exercising ordinary care to avoid being injured." Specific instructions to the same effect were given and the principle of law here involved was fully and repeatedly covered by the court in its charge to the jury. The court charged: "Under the law in this case, the husband of the plaintiff was required to exercise ordinary care not to be injured, when he went on the track of the defendant, whether he was on the public street or not. Even if, under the evidence, you should believe that the place where the husband of the plaintiff was killed was in the public street, that would not excuse him from exercising ordinary care. He would still be under the duty of exercising ordinary care not to be injured." Furthermore, in five or six other portions of the charge the court instructed the jury that the deceased was required to exercise ordinary care not to be injured, and that if he was killed by reason of his failure to exercise such care, the plaintiff could not recover. While the language used in the first part of the requested charge, —"A railroad track is a place of danger, and every one who goes on a railroad track is chargeable with knowledge of that fact, that it is a place of danger, and is under legal duty to exercise ordinary care to protect himself from injury by the operation by the railroad of cars and engines thereon,"—embodies a sound principle of law (*Western & Atlantic R. Co.* v. *Ferguson,* 113 *Ga.* 708, 713, 39 S. E. 306, 54 L. R. A. 802), the failure to charge in the precise language requested is not cause for a new trial, where it appears that the principle involved was sufficiently covered by the general instructions given. *Cosby* v. *Reid,* 21 *Ga. App.* 604 (2) (94 S. E. 824), and cases cited. It may be that in the opinion of the trial judge the particular language quoted above, though embodying correct principles of law, forcibly stated, would nevertheless, if embodied in the charge, have appeared argumentative, and that for this reason he preferred to make a different statement of the same rules.

6. Ground 6 of the motion for a new trial being based upon newly discovered evidence, and it not appearing "by affidavit of the movant and each of his counsel that they did not know of the existence of such evidence before the trial, and that the same could not have been discovered by the exercise of ordinary dili-

gence," the judgment refusing the motion for a new trial on this ground will not be disturbed. Civil Code (1910), § 6086; *Pharr v. Davis,* 133 *Ga.* 759 (66 S. E. 917) ; *Southern Fertilizer &c. Co.* v. *Carter,* 21 *Ga. App.* 282 (2b), 284 (94 S. E. 310).

7. Error is assigned on the following instructions: "If the injury occurred at a place where the public was accustomed at all times to pass over and across the tracks of the defendant railroad company with knowledge and consent of the railroad company, and if this fact is shown to have been known by the agent or servant in charge of the engine or cars which killed the deceased, then the servant or agent in charge of the engine or cars which struck and killed the deceased owed him the duty to exercise ordinary and reasonable care, to anticipate and discover his presence on the track, and ordinary care and diligence to prevent an injury to his person after discovery. . . Then the company owed to the deceased, if he was at that point, not only to exercise ordinary care not to injure him after his presence on the track became known, but also to anticipate his presence and to take such measures as ordinary care would require to prevent injury to him in the event he was present. . . . Was this at a place constantly used by the public as a point of crossing the track, with the knowledge and consent of the defendant company, and was this fact known to the agent of the defendant company in charge of the engine or cars which killed the deceased? Was this a public crossing? These are questions for you to answer, and unless these questions can be answered in the affirmative, then the defendant company would owe the deceased no duty until his presence and peril became known to the servant and agent in charge of approaching locomotive or cars." As has already been stated, counsel for the plaintiff admitted upon the trial that if the deceased was not killed while upon the public crossing as alleged in the petition, there would be no liability upon the part of the defendant, and the plaintiff could not recover. Upon the trial no question was raised as to whether the street upon which the plaintiff claimed her husband was killed was in fact a public crossing, and the issue as to whether it was a public street is not involved. This being true, any inaccuracy in defining a public street, if there was such inaccuracy, could not have been harmful to the defendant. The contention of counsel for the defendant, that the charge as given permitted the jury to find in favor of the plaintiff if her husband, at

the time he was killed, was not on the public crossing as alleged, is not well founded, for the court further charged the jury, in the same connection, as follows: "So, gentlemen, you may consider the instructions I have given you, if you find from the evidence deceased was killed at a public crossing. But if you find from the evidence that he was not killed at a public crossing, that would end your investigation, and you would return a verdict in favor of the railroad company." Moreover, if a more full and complete definition of a "public street" was desired, a timely and appropriate written request should have been presented.

8. Negligence being peculiarly a question for the jury, there is no merit in the exception taken in ground 8 of the motion for a new trial, relative to the request to charge. Civil Code (1910), § 4863; *Southern Railway Co. v. Grizzle*, 131 *Ga.* 287 (3), 288 (62 S. E. 177).

9. The excerpt from the charge complained of in ground 9 of the motion, relative to the method of computation in reducing the gross earning capacity of a decedent to its present worth, is conceded by counsel for both plaintiff and defendant to have furnished no rule or guide by which the amount of the particular verdict or a verdict in any amount could have been arrived at, and it must therefore necessarily be taken as meaningless and harmless. In other portions of the charge the rule relative to this subject-matter was correctly stated. *Florida Central &c. R. Co.* v. *Burney*, 98 *Ga.* 1 (26 S. E. 730).

*Judgment affirmed. Wade, C. J., and Luke, J., concur.*