SPRAYBERRY *v.* SNOW *et al.*

No. 12879.   JULY 15, 1940.   REHEARING DENIED JULY 29, 1940.

*John Henry Poole,* for plaintiff. .

*J. P. Knight* and *Langdale, Smith & Tillman,* for defendants.

ATKINSON, Presiding Justice. ■ It is declared in the Code: "It shall be unlawful for any person to stop or park any automobile, automobile truck, tractor, trailer, or other motor vehicle or horse-drawn vehicle, on or along any State-aid road or highway, unless such vehicle be placed so that it is at least eight feet removed from the center line of such State-aid road or highway; and such vehicle shall be so parked that no portion thereof shall be within eight feet of the center line of such State-aid road or highway." § 68-314. Any person who shall violate any provision of this law shall be guilty of a misdemeanor. § 68-9917. "Every motor vehicle using the highways at night shall be equipped with a lamp or lamps clearly visible for a distance of not less than 100 feet from the front and rear. . . The front lamps shall throw light to a reasonable distance in the direction in which such vehicle is proceeding and shall be provided with a suitable device for dimming or changing focus, so as to prevent dangerously glaring or dazzling rays from the lamps in the eyes of approaching drivers." § 68-302. "Every person operating a vehicle upon the highways shall observe the following traffic rules and regulations: a. All vehicles not in motion shall be placed with their right sides as near the right side of the highway as practicable, except on city streets where traffic is obliged to move in one direction only. b. Slow-moving vehicles shall at all times be operated as close to the right hand side of the highway as practicable. c. An operator meeting another vehicle coming from the opposite direction on the same highway shall turn to the right of the center on the highway, so as to pass without interference." § 68-303. "Upon approaching or passing any person walking in the roadway, or traveling any public street or highway, . . the operator of a motor vehicle or motorcycle shall at all times have the same under immediate control." § 68-304.

All those laws were designed for safety of the general public in relation to person or property or both. They all contemplate safety

for all users of the highways, and do not exclude pedestrians. This section last quoted makes express reference to duties of operators of "motor vehicles" with respect to pedestrians on the highways. The State highways are provided for the use of pedestrians or other travelers by horse-drawn or other similarly drawn vehicles, as well as for motor vehicles. Drivers of motor vehicles are under the duty to exercise ordinary care in the operation of such vehicles on the highways, to avoid injury to pedestrians thereon, in like manner as they are under such duty to other lawful users of the highway by horse-drawn or motor vehicles or persons otherwise on the highway. In *O'Dowd* v. *Newnham*, 13 *Ga. App.* 220 (80 S. E. 36), it was held: "A pedestrian and a person with an automobile have each the right to use the public highway, but the right of an operator of an automobile upon the highway is not superior to the right of the pedestrian, and it is the duty of each to exercise his right with due regard to the corresponding rights of the other." The principle was stated in *Letton* v. *Kitchen*, 166 *Ga.* 121 (142 S. E. 658), and *Harwell* v. *Blue's Truck Line Inc.*, 187 *Ga.* 78 (199 S. E. 739). See *Wadley* v. *Dooly*, 138 *Ga.* 275 (8) (75 S. E. 153). A breach of duty by Snow in the matter of the truck, in the circumstances as alleged in the instant case, may constitute actionable negligence. This comports with the ruling in *Huckabee* v. *Grace*, 48 *Ga. App.* 621 (2) (173 S. E. 744), and cit. The Court of Appeals erred in holding that as to the defendant Snow the allegations as to negligence in parking the truck violated no duty owing by Snow to deceased, a pedestrian. The case differs from *Atlanta & Charlotte Air-Line Ry. Co.* v. *Gravitt*, 93 *Ga.* 369 (20 S. E. 550, 26 L. R. A. 553, 44 Am. St. R. 145), and similar cases involving application of the statutory blow-post law, holding that the law did not apply where the pedestrian was not on the public crossing.

■ The requirement in the Code, § 68-302, that front lamps as therein required "shall be provided with a suitable device for dimming or changing focus, so as to prevent dangerously glaring or dazzling rays from the lamps in the eyes of approaching drivers," implies a duty upon the driver of the motor vehicle (in the instant case a motor truck) of applying such device where necessary to prevent danger from the glaring lights of lamps in the eyes of approaching drivers. If by failure of the driver of the truck to dim the lamps, as alleged in the instant case, the driver of the

approaching automobile was so blinded and confused as to cause the automobile to cross from its right side of the pavement and injure the pedestrian standing in the other side of the pavement, a jury, in all the circumstances, could find that the failure to dim the lamps was the first of two tortious acts, the first by the driver of the truck blinding and confusing the driver of the automobile, so that he committed the second tortious act naturally to be expected in the generally traveled highway, and that the first was a direct cause contributing to the death of the injured pedestrian. On the general subject see *Cheeves* v. *Danielly,* 80 *Ga.* 114 (4 S. E. 902) ; *Mayor &c. of Macon* v. *Dykes,* 103 *Ga.* 847 (31 S. E. 443). And if the driver of the automobile, blinded and confused by the lights of the truck, proceeded regardless at the rate of forty-five miles per hour, in violation of the statutory speed limit of forty miles per hour then in vogue, and left his side of the paving, causing injury to the pedestrian standing on the opposite side of the pavement, a jury could find that the act of the driver of the automobile was a direct cause contributing to the injury. Under the alleged circumstances the jury could find that both drivers were negligent and that such negligence caused the injury. It has been held: "Where one suffers an injury as the result of the concurring negligence of two tort-feasors, the injured party may maintain a joint or several suit against the tort-feasors; and it will be sufficient to support a recovery in a joint suit if the negligence of both be a contributing cause, although the degree of care owed to the complainant by both parties defendant be not the same." *Gooch* v. *Georgia Marble Co.,* 151 *Ga.* 462 (107 S. E. 47) ; *Kelly* v. *Locke,* 186 *Ga.* 620 (3) (198 S. E. 754). See cases cited in *Letton* v. *Kitchen,* 166 *Ga.* 121, 125 (supra), supporting the proposition, "that generally the question of what is the proximate cause of an injury, like the question of what is negligence, is a question for the jury." The dissenting opinion in *Kelly* v. *Locke,* supra, did not controvert this general proposition.

The ruling announced in headnote 3 does not require elaboration. *Judgment reversed. All the Justices concur.*