33850.   COSPER *v.* ATLANTIC COAST LINE RAILROAD COMPANY.

DECIDED MARCH 19, 1952.

684

*Raymond W. Martin,* for plaintiff.

*Lovejoy & Mayer,* for defendant.

FELTON, J. 1. Special ground one of the amended motion for a new trial complains that the court erred in charging the following: "I charge you, gentlemen, that even though you may find from the evidence that the defendant railroad company violated an ordinance of the City of LaGrange by going over the railroad crossing at a rate of speed over eight miles an hour, that such violation, while it constituted negligence as a matter of law, that such violation would not authorize a recovery on the behalf of the plaintiff, unless such violation was the proximate cause of the accident. Before you would be authorized to find in favor of the plaintiff because of the violation of this ordinance it must be shown to you by a preponderance of the evidence that such violation was the proximate cause of the accident." It is contended that the charge was error because "it was confusing and misleading to the jury . . and that the charge, as given, is not sound as an abstract principle of law, in that the charge

. . is the negative or the converse of the affirmative charge, confusing to the jury's mind as to the rights of plaintiff if defendant violated a city ordinance . . was confusing to the jury, in that said charge failed to give movant the full benefit of negligence per se as to the violation of a city speed ordinance, and deprived movant of the benefit of a correct charge on negligence per se in violation of a city ordinance." The charge was not subject to the objections raised thereto in the motion for a new trial; and it was correct as an "abstract principle of law". *Platt* v. *Southern Photo Material Co.*, 4 *Ga. App.* 159 (2b) (60 S. E. 1068); *Central of Georgia Ry. Co.* v. *Barnes*, 46 *Ga. App.* 158 (1a) (167 S. E. 217). Assuming that the court nowhere else charged on the violation of the ordinance, such failure to charge could not have made this instruction error. The plaintiff in error admits that this charge would have been correct had the court elsewhere made an "affirmative" charge on the violation of the ordinance constituting negligence per se. The court's failure to make elsewhere an "affirmative" charge on the violation of the ordinance cannot be cited as being error in an exception to a charge which in itself is a sound principle of law. Such would be the subject of a separate and distinct exception.

2. Special ground two complains that the trial judge erred when, in charging the substance of Code § 94-507, he failed to charge the last portion of the Code section, such portion being as follows: "or for failure to observe any ordinance of such city, town or village which may lawfully be passed regulating the speed at which railroad trains may be run therein." The plaintiff in error contends that, by not charging on such portion of the Code section, the court "deprived movant of a substantial right, in that the court failed to give the jury the correct law relative to the violation of city ordinances and withheld from the jury the right to give movant benefit of any violation of a city ordinance which would have been negligence per se." The ground is without merit. The violation of the ordinance was alleged in the petition. The court charged: "I charge you further that, if you should find, from a preponderance of the evidence, that the defendant was negligent in one or more of the particulars charged in the petition, and that such negligence was the proximate cause of the damage complained of, then the plaintiff would be entitled

to recover." This charge authorized the jury to find that the defendant violated the ordinance regulating the speed of trains within the city limits, and that such negligence, if the proximate cause of the plaintiff's damage, would be a basis for recovery. The court also charged definitely on the violation of the ordinance, in charging: "I charge you, gentlemen, that even though you may find from the evidence that the defendant railroad company violated an ordinance of the City of LaGrange by going over the railroad crossing at a rate of speed over eight miles an hour, *that such violation while it constituted negligence as a matter of law,* that such violation would not authorize a recovery on the behalf of the plaintiff, unless such violation was the proximate cause of the accident." (Emphasis supplied.)

3. Special ground three of the amended motion complains that the court erred in not charging on Code § 94-505 relative to the requirement of headlights on locomotives. Under that Code section, "every railroad company is required to equip and maintain each locomotive used by such company on its main line after dark with a good and sufficient headlight." It is contended that, since the plaintiff alleged in his petition as an act of negligence that the engineer failed to have the locomotive's headlights burning at the time of the collision, and since it was alleged that the collision occurred when it was "dark and foggy," and since there was some evidence to sustain these allegations, the court erred in not charging the Code section, which requires that railroad locomotives on main lines burn headlights "after dark." This in effect means at night. Night consists of those hours of the day between sunset and sunrise (U. S. *v.* Boston & M. R., 269 Fed. 89; Pennington *v.* Rowley Bros. Co., 241 Ill. App. 58); and, before it can be said that a railroad has violated this Code section, it must be shown that it operated a locomotive over a main line, between sunset and sunrise, without the lights prescribed therein. The collision in the instant case occurred "between 7 and 8 o'clock a.m. on the 7th day of February, 1949." On that date the sun rose at 6:51 o'clock at LaGrange, Georgia. The World Almanac for 1949. We grant that there may be times before sunset and after sunrise when *ordinary care* would require the burning of a headlight on a locomotive. However, the complaint here is that the court did not charge on the Code

section the violation of which would constitute negligence per se. In operating under Code § 94-505, a definite time limit is required to give the railroad a definite standard of conduct to conform with in order to meet the requirement of the section, and not leave such conformation to mere speculation and conjecture so far as conduct that might constitute negligence per se is concerned. The ground is without merit.

4. Special ground four complains that the court erred in charging as follows: "I charge you, gentlemen, that under the law the driver of the taxicab, James Johnson, owed the duty to the railroad to exercise ordinary care in approaching and attempting to cross over the track. I charge you, gentlemen, that it was the driver's duty in approaching this crossing to drive the automobile at such a rate of speed and keep such a lookout as would or may be required by ordinary care, taking into consideration the situation that existed at the time, as may be shown by the evidence." The plaintiff in error contends that the charge was error "because said charge placed too great a burden on movant, and was, in effect, the charge of section 95-1804 which is forbidden by Code section 95-1808, and that said charge was not correct an an abstract principle of law, was confusing, misleading to the jury." Code § 95-1804 is as follows: "Every person operating a motor vehicle, on approaching a crossing so designated as an unsafe crossing, shall bring his vehicle to a full stop at a distance of not more than 50 feet from the nearest rail of the track, before he shall cross thereover or attempt to do so." This ground is without merit. See *Veazey* v. *Glover*, 47 *Ga. App.* 826 (4) (171 S. E. 732); *Porter* v. *Southern Ry. Co.*, 74 *Ga. App.* 546 (4) (40 S. E. 2d, 438).

The general grounds of the motion were not argued or expressly insisted upon, and will be treated as abandoned.

The court did not err in overruling the amended motion for a new trial.

*Judgment affirmed. Sutton, C.J., and Worrill, J., concur.*