## 20412. TEAGUE v. KEITH.

MOBLEY, Justice. The plaintiff in error—who was the defendant in a petition to recover damages for personal injuries, resulting from the collision of an automobile in which the plaintiff was riding and one the defendant was driving at an intersection of two roads—excepts to the judgment of the Superior Court of Bartow County overruling his demurrers, denying his oral motion to dismiss the petition, and denying his motion for new trial on the general and twelve special grounds. This case was submitted on briefs without oral argument; and the plaintiff in error not having referred in his brief to the general grounds and to special grounds 5, 9, 11, 13, 14, and 15 of the amended motion for new trial, as well as subgrounds (1), (12), and (13) of ground 7; subgrounds (3), (4), (5), (6), (9), and (10) of ground 8; subground (3) of ground 10; and subgrounds (3) and (4) of ground 12—they are considered abandoned. *Held:*

1. The first and second demurrers attack the constitutionality of Code (Ann.) § 68-1626 (a) and (c) as being in violation of the due-process-of-law clauses of the State and Federal Constitutions. The objection to that portion of Code (Ann.) § 68-1626 (a) which provides that, "In every event speed shall be so controlled as may be necessary to avoid colliding with any person, vehicle, or other conveyance on or entering the highway in compliance with legal requirements and the duty of all persons to use due care," and to that portion of Code (Ann.) § 68-1626 (c) which provides that "The driver of every vehicle shall, consistent with the requirements of subdivision (a), drive at an appropriate reduced speed when approaching and crossing an intersection . . ." is that each fails to define sufficiently the act or acts prohibited, and is too vague, indefinite, and uncertain to be enforceable. These sections are similar (as the parties agree) to the act of 1910 providing that "no person shall operate a machine on any of the highways of this State as described in this Act at a rate of speed greater than is reasonable and proper, having regard to the traffic and use of such highway, or so as to endanger the life or limb of any person or the safety of any property . . ." Ga. L. 1910, p. 92, § 5. This court, in considering that provision, ruled in *Strickland* v. *Whatley*, 142 *Ga.* 802 (1) (83 S. E. 856): "While so much of the act of August 13, 1910

(Acts 1910, p. 92), regulating the use of automobiles on the highways of this State, and prohibiting their operation 'at a rate of speed greater than is reasonable and proper, having regard to the traffic and use of such highway, or so as to endanger the life or limb of any person or the safety of any property,' as makes a violation of the act penal, is too uncertain and indefinite in its terms to be capable of enforcement (*Empire Life Insurance Co.* v. *Allen,* 141 *Ga.* 413, 81 S. E. 120; *Hayes* v. *State,* 11 *Ga. App.* 371, 75 S. E. 523), the measure of care laid down in the act is not too indefinite to furnish a rule of civil conduct. Indeed, in most respects it is not greatly different from the rule of ordinary care which would apply in the absence of a statute. There was, accordingly, no error in giving it in charge to the jury in a proper case." See also *Quarles* v. *Gem Plumbing Co.,* 18 *Ga. App.* 592 (3) and 595 (90 S. E. 92); *Atlanta Coach Co.* v. *Curtis,* 42 *Ga. App.* 639, 640 (157 S. E. 344); *He-Po Gas, Inc.* v. *Roath,* 87 *Ga. App.* 827, 834 (75 S. E. 2d 451); *Willis* v. *Jones,* 89 *Ga. App.* 824, 827 (81 S. E. 2d 517); and 5A Am. Jur. 246, § 38. The Court of Appeals, in *Garmon* v. *Cassell,* 78 *Ga. App.* 730 (2b) (52 S. E. 2d 631), held that the term "immediate control" as used in Code § 68-304 (repealed by Ga. L. 1953, Nov. Sess., pp. 556, 621) to require that the driver of a motor vehicle, "upon approaching or passing any person walking in the roadway . . . shall at all times have the same under immediate control," was not too vague, indefinite, and uncertain to be enforced in a civil case. As pointed out in 60 C. J. S. 678, § 290, irrespective of statutory requirements, "It is the duty of the operator of a motor vehicle to keep it under reasonable control, so that he may avoid collisions with, and injury to, other users of the highway who are themselves exercising reasonable care, if he may avoid such collision or injury by the exercise of ordinary care on his part." Where a statute provides a general rule of conduct, although only amounting to a requirement to exercise ordinary care, the violation thereof is negligence as a matter of law, or negligence per se, whereas in the absence of such specific statute the jury is left to determine whether such conduct constitutes negligence. *Hollomon* v. *Hopson,* 45 *Ga. App.* 762 (3) (166 S. E. 45). The statutes here complained of state rules of civil conduct and as such are not too vague, indefinite, and uncertain to be enforced. Even though *Strickland* v. *Whatley,* 142

*Ga.* 802, supra, is not a full-bench decision and the plaintiff in error asks that we not follow it, we are of the opinion that the decision is sound, that the ruling there made is applicable to the provisions here attacked, and that these provisions are not violative of the due-process clauses of the Federal and State Constitutions for any reason assigned.

2. The four special grounds of demurrer, (a), (b), (c), and (d), to paragraph 3 of the petition are without merit.

(*a*) Whether there were any markers or signs controlling traffic at the intersection was immaterial, in view of the allegation that the car in which the plaintiff was riding stopped at the intersection before entering it, and since the defendant is not charged with violating any signs or markers controlling traffic at the intersection.

(*b*) Whether the defendant was approaching the intersection from the plaintiff's right or left at the time of the collision is immaterial, because the petition alleged that, about the time the front end of the car in which the plaintiff was riding had passed the intersection, the defendant came down the road at 45 or 50 miles per hour, saw the car in which the plaintiff was riding, applied his brakes, etc., and crashed into the car, as under these alleged facts and Code (Ann.) § 68-1650 (a), "The driver of a vehicle approaching an intersection shall yield the right of way to a vehicle which has entered the intersection from a different highway," the plaintiff had the right of way.

(*c*) The plaintiff is not required to negative in her petition her own negligence or that of the driver of the car in which she was riding. For that reason, it was neither necessary for the plaintiff to allege whether or not she or the driver of the car in which she was riding saw or could have seen the defendant before entering the intersection; nor was it necessary for her to allege the speed of the car in which she was riding. *Fisher Motor Car Co.* v. *Seymour & Allen,* 9 *Ga. App.* 465 (1) (71 S. E. 764); *Hardwick* v. *Figgers,* 26 *Ga. App.* 494 (2) (106 S. E. 738); *Sims* v. *Martin,* 33 *Ga. App.* 486, 488 (126 S. E. 872); *Southern Stages* v. *Clements,* 71 *Ga. App.* 169 (2d) (30 S. E. 2d 429).

3. The oral motion of the defendant to dismiss, in the nature of a general demurrer, was based primarily on the grounds set out in his special demurrers, discussed and ruled on in division 2 above. The petition alleged a cause of action, and the trial court properly denied the motion to dismiss.

4. It was not error, for any reason assigned in ground 4 of the amended motion, for the court to charge to the effect that, in considering the evidence in this case, if you find any conflicts about material matters, it will be your duty to reconcile the conflicts if possible and not to impute perjury to anyone; but if you cannot do so, it is then your duty to believe that witness or those witnesses who you think are most entitled to credit at your hands. The conflict complained of is between the evidence given on the trial by the plaintiff's husband, the driver of the car, that the defendant's car was traveling 70 miles per hour, and that given in a petition filed by the witness, in which he alleged that the speed was 45 to 50 miles per hour. The court did not, as contended, by this charge order the jury to accept the evidence of the witness as to speed given at the trial and to disregard the documentary evidence; nor do we think that the jury could have so regarded the charge.

5. It was not error, as contended in special ground 6, for the court, in the absence of a written request, to fail to charge that portion of Code § 38-1806 that, ". . . if a witness shall swear wilfully and knowingly falsely, his testimony shall be disregarded entirely, unless corroborated by circumstances or other unimpeached evidence." As stated with reference to this rule of law in *Smaha* v. *George,* 195 *Ga.* 412, 418 (24 S. E. 2d 385), "But before this principle of such total rejection, with a duty of the court to charge the jury thereon, will have application, it must manifestly appear, not only that the witness on one or the other occasion has sworn falsely to a material matter, but that he has done so wilfully and knowingly." The witness Keith explained that, when he filed his petition alleging the speed of the defendant's car as 45 to 50 miles per hour, and when he testified on deposition prior to the trial that the car was traveling 40 miles per hour, he was giving his opinion at that time, but that after measuring the distance of the skid marks of the defendant's car he changed his opinion as to the speed. He was then of the opinion that the car was traveling 70 miles per hour. Accordingly, it does not "manifestly appear" that he wilfully and knowingly swore falsely as to the speed of the car.

6. (a) The court, after giving in the charge the portion of Code (Ann.) § 68-1626 (a) providing that "No person shall drive a vehicle on a street or highway at a speed greater than is

reasonable and prudent under the conditions and having regard to the actual and potential hazards then existing," properly charged that it was for the jury to determine whether the defendant violated this section, and "that a violation of this provision of the law is negligence per se, that is to say, negligence as a matter of law." There is no merit in ground 7 (1) and (2).

(b) In ground 7 (3) and (4), the plaintiff in error assigns as error that the court, after charging that portion of Code (Ann.) § 68-1626 (a) providing, "In every event speed shall be so controlled as may be necessary to. avoid colliding with any person, vehicle, or other conveyance on or entering the highway in compliance with legal requirements and the duty of all persons to use due care," charged that, ". . . if you find by a preponderance of the evidence that the injury, if you find there was injury, was caused by or partly caused by a failure on the part of the defendant to control his speed so as to avoid the collision in question, the same would constitute negligence, and you would be authorized to find for the plaintiff, if you find the plaintiff otherwise entitled to recover under the instructions I have given you and will give you"—in that the charge authorized recovery irrespective of whether his negligence was the proximate cause of the collision, and that the charge was not a correct statement of the law. Violation of this statute is negligence per se, but to authorize a recovery that negligence must have been the proximate cause of the injury. Even though the court failed to precede the words "caused by or partly caused by" with the word "proximately," we do not think that the jury could have understood otherwise than that, for the plaintiff to be entitled to recover, the defendant's negligence must have been the proximate cause or a contributing proximate cause of her injuries, for the reason that the court's charge as a whole made this plain. *Parsons* v. *Grant*, 95 *Ga. App.* 431, 437 (98 S. E. 2d 219). The plaintiff alleged in her petition that all the acts of negligence enumerated in the petition contributed to and were the proximate cause of the plaintiff's injury. The judge charged the plaintiff's contentions as well as instructed the jury that the petition contained the contentions and that the jury could refer to it for further information as to the contentions. He charged what constituted proximate cause; and in every instance where he charged on recovery being de-

pendent upon the jury's finding that the negligence of the defendant was the proximate cause of the injury, he preceded the word "cause" with the word "proximate," except in this one instance. See *Atlantic Coast Line R. Co.* v. *Moore,* 8 *Ga. App.* 185, 194 (68 S. E. 875), where the word "cause" in one instance in the charge was not preceded by "proximate."

(c) There is no merit in ground 7 (6) and (7) and ground 8 (7) and (8), that it was error to charge Code (Ann.) § 68-1626 (a) and (c), because there was no evidence that the parties were traveling "streets" or "roads" within the meaning of the act, as there was ample evidence that both cars were traveling public roads when they collided.

(d) The charge complained of in ground 7 (8) and (9), that the defendant was under a duty "to control his speed so as to avoid the collision in question," is in the language of paragraph 8 (c) of the plaintiff's petition, which was not demurred to. Accordingly, there was no error in charging it.

(e) Grounds 7 (10) and (11) have been carefully considered and are without merit.

7. The complaint in ground 8 (1) and (2), that the court failed to instruct the jury that the negligent acts complained of must be the proximate cause of the injury, is similar to those in ground 7, paragraphs (2), (3), (4), and (5), and the ruling there made that there is no merit in the complaint is applicable here.

8. There is no merit in the complaints made in ground 10 (1) and (2) and ground 12 (1) and (2), that the court in charging as to lost wages and lost future earnings, failed to charge that such damages must have been proximately caused by the negligence of the defendant; for, as pointed out heretofore, the court did charge that, in order for the plaintiff to recover damages for her injuries, which include lost wages and earnings, the negligence of the defendant must have constituted the proximate cause of her injury and damage.

9. Ground 12 (5) excepts to the charge on loss of future earnings as an element of damages, as being erroneous and incorrect for the reason that "the same wholly and completely failed and omitted to call the attention of the jury to the fact that, in her declining years, there might be a decrease in the capacity and ability of the plaintiff to work and earn money and that they should take such fact into consideration in fixing the amount of damages which they might find for the

plaintiff as compensation for the loss of probable future earnings." The assignment of error points out no error in the charge, but complains because some other pertinent provision of law was not charged. "The statements that the court nowhere in its charge called the attention of the jury to the legal propositions which it failed to give in connection with the charge complained of were not assignments of error upon the charge, but were used merely as arguments why the instruction given should be held to be erroneous." *Macon Ry. & Light Co.* v. *Barnes,* 121 *Ga.* 443, 448, and see 444 (3) (49 S. E. 282). See also *Atlanta & W. P. R. Co.* v. *Miller,* 23 *Ga. App.* 347 (3) (98 S. E. 248); *Mobley* v. *Childers,* 38 *Ga. App.* 440, 441 (144 S. E. 140); *Cosper* v. *Atlantic Coast Line R. Co.,* 85 *Ga. App.* 683, 684 (69 S. E. 2d 886). This was not a valid assignment of error on the charge.

*Judgment affirmed. All the Justices concur, except Duckworth, C. J., who dissents from the ruling in the first paragraph of the syllabus, and from the judgment of affirmance.*

SUBMITTED MARCH 10, 1959—DECIDED APRIL 10, 1959.

*J. R. Cullens,* for plaintiff in error.
*Wm. A. Ingram,* contra.