39702.   BACKERS v. CEDARTOWN COCA-COLA BOTTLING COMPANY et al.

DECIDED OCTOBER 1, 1962—
REHEARING DENIED OCTOBER 17, 1962.

B. P. Gambrell, E. L. Gammage, Jr., for plaintiff in error.

Matthews, Maddox, Walton & Smith, Oscar M. Smith, John W. Maddox, Howe & Murphy, D. B. Howe, contra.

HALL, Judge. The only question presented is whether there was any negligence of Coca-Cola which could make it liable for plaintiff's injuries. The only negligence alleged against this defendant is negligence per se in violating an ordinance prohibiting parking except "next to or against the curb to the right of such vehicle . . . in the direction in which it is headed." To make the defendant liable the violation of the ordinance, first, must be negligence as to the plaintiff and, second, must have contributed to causing the plaintiff's injuries. We are of the opinion that the violation of this ordinance was not negligence as to the plaintiff, because the law was not enacted to protect the plaintiff against the hazard which caused his injury. Therefore, it will not be necessary for us to decide the question of causation. In

Shelden v. Wichita R. & Light Co., 125 Kan. 476 (264 P 732), the court held that an ordinance prohibiting streetcars from standing in the street except when waiting for passengers was not enacted to protect a plaintiff from injuries she received on being hit by an automobile when she walked from behind a standing streetcar. The plaintiff in that case contended that the streetcar, standing in violation of the ordinance, prevented her and the automobilist from seeing each other. The court held that the ordinance "was not framed to provide individual pedestrians and automobile drivers with clear views"; its purpose "was to facilitate movement of traffic, not to provide observational opportunity. . . Since the ordinance did not protect against the particular hazard encountered—obstructed view—but protected the general public interest in unobstructed flow of street traffic, the court is not concerned with questions of proximate and remote cause." Pp. 478, 479. See also Ennis v. Atkin, 354 Pa. 165 (47 A2d 217, 219); Denson v. McDonald, 144 Minn. 252 (175 NW 108).

In the present case a city ordinance prohibited vehicles parking facing in one direction but did not prohibit parking facing in the other direction. It is reasonably contended by the defendant that the purpose of the ordinance was to prevent vehicles from crossing into oncoming traffic to park or leave a parking space on the wrong side of the street. Whatever its purpose, it is clear that the legislative intent was not to prevent the obstructed view of motorists and pedestrians by parked vehicles, as views would be generally just as much obstructed with vehicles parking facing in one direction as in the other.

The present petition shows that immediately before the accident the views of the plaintiff and the defendant motorist were not obstructed. However, even if we assumed that obstructions to sight contributed to causing plaintiff's injury, we would hold that the ordinance was not designed to prevent this particular hazard. The courts of this State have decided that "in determining whether the violation of a statutory requirement is negligence per se as to the person complaining thereof," they "will look to the particular statute in respect to its purposes, that is, the *evils* it was intended to guard against *and* the *persons* it was

intended to protect." *Huckabee v. Grace,* 48 Ga. App. 621, 632 (173 SE 744). (Emphasis supplied). This is in accord with the conclusion of the American Law Institute, Restatement, Torts 752, § 286, that to fix negligence as a matter of law on the violation of a legislative enactment, it is *not only* necessary that the enactment be intended to protect the individual relying thereon, but that "where the enactment is intended to protect an interest from a particular hazard, the invasion of the interests results from the hazard." Accord, Prosser, Torts 277, § 39. The test of the Restatement has been recognized by the Georgia courts. *Bozeman v. Blue's Truck Line,* 62 Ga. App. 7, 9 (7 SE2d 412).

The present decision is not in conflict with the cases relied on by the plaintiff, in each of which the ordinance violated prohibited parking in any manner at the place where the defendant was parked. In *Williams v. Grier,* 196 Ga. 327 (26 SE2d 698), the court held, at page 336, that the intended protection of an ordinance prohibiting parking at or near an intersection would include maintaining unobstructed view for motorists approaching the intersection; and thus the plaintiff, a passenger in one of the automobiles colliding at the intersection, was within the protection of the ordinance, so that its violation constituted negligence per se with respect to her. There a jury question arose as to whether the plaintiff's injury was contributed to by a hazard the ordinance protected against—obstructed view of motorists at the intersection. This was a reasonable interpretation of the ordinance involved. Similarly in *Bozeman v. Blue's Truck Line,* 62 Ga. App. 7, supra, the court reasonably construed a parking ordinance as designed to prevent a hazard which could have caused the plaintiff's injuries. The plaintiff relies on *Sprayberry v. Snow,* 190 Ga. 723 (10 SE2d 179). In that case (pp. 727-729) the Supreme Court on writ of certiorari reversed the Court of Appeals on two points. The Court of Appeals had held that the defendant's violation of a statute prohibiting parking of vehicles nearer than eight feet from the center line of the highway was not negligence per se as to the deceased, a pedestrian, and that the defendant's failure to dim the lights on the parked truck, which allegedly blinded the driver of an approaching vehicle and caused him to cross to the wrong side of the road and

strike the plaintiff, was not the cause of the plaintiff's injury, because the results of failure to dim the lights could not reasonably have been foreseen by the driver of the parked truck. The Supreme Court held: (1) that the violation of the parking statute might constitute actionable negligence as to the plaintiff, since it was designed for the safety of all users of the highways, including pedestrians: (2) that a statute requiring a light-dimming device on vehicles implied a duty upon drivers to apply such device where necessary to prevent danger from the glaring lights of lamps in the eyes of approaching drivers, and that it was a jury question whether the truck driver's failure to dim the lights caused or contributed to plaintiff's injuries. In the *Sprayberry* case there was no assignment of error or decision on the question whether the illegal parking could have caused or contributed to plaintiff's injuries. The Supreme Court's opinion mentioned a statutory purpose of the statute requiring dimming of lights—prevention of "danger from the glaring lights of lamps in the eyes of approaching drivers," but did not discuss the purpose of the parking statute involved in the *Sprayberry* case. The court apparently assumed without discussion that the parking statute was designed to prevent harm caused by a parked vehicle obstructing other motorists' access to the full width of the highway. We are in accord with the opinion expressed in that case that generally pedestrians as users of the highways are included in the protection of laws designed for highway safety. However, the classes of persons intended to be protected by such statutes are protected only from the harms the statute was intended to prevent. Hence in the present case we may assume that the ordinance intended to protect the plaintiff, as a pedestrian, from harms of the type it was intended to prevent. However, prevention of the hazards of obstructions to sight by parked vehicles was not within the statutory purpose, and the plaintiff cannot rely on the violation of the ordinance alone as a basis for recovery against the defendant.

For the reasons stated above the trial court did not err in sustaining the general demurrer of the defendant Cedartown Coca-Cola Bottling Co.

*Judgment affirmed. Felton, C. J., and Bell, J., concur.*