41027. KIBBEY CHEVROLET, INC. et al. v. ANDERSON et al.

DECIDED JANUARY 5, 1965—REHEARING DENIED
JANUARY 28, 1965.

*McDonald & Mills, J. C. McDonald, Memory, Barnes & Memory, S. F. Memory, Jr.,* for plaintiffs in error.

*Arthur C. Farrar, Young & Young, Elie Holton, Smith & Harrington, Will Ed Smith,* contra.

NICHOLS, Presiding Judge. ■ The plaintiffs in error demurred to several paragraphs of the petition on the grounds that they set forth no grounds for the recovery of damages. See *Ayers v. Young,* 210 Ga. 441, 442 (80 SE2d 801).

One allegation of negligence so demurred to was that the north front part of the auto carrier projected into the intersection of Peterson Avenue and Franklin Street about fourteen inches in violation of the Act of 1953 (Ga. L. 1953, Nov. Sess., pp. 556, 597; *Code Ann.* § 68-1670) ; and another was that such auto carrier was parked within twenty feet of a cross walk at an intersection in violation of the same statute.

In order to make the plaintiffs in error liable to the plaintiff in the trial court for the violation of such statute it must appear that the violation was negligence as to plaintiff's deceased son. See *Backers v. Cedartown Coca-Cola Bottling Co.,* 106 Ga. App. 764, 765 (128 SE2d 355). In that case it was held that an ordinance which prohibited parking except on the right side of the street in the direction in which the vehicle was facing was not passed for the purpose of "prevention of the hazards of obstructions to sight by parked vehicles" and the ordinance was not for the protection of a pedestrian who stepped out from behind such parked vehicle into the path of an oncoming vehicle.

In the present case the statute prohibiting parking in an intersection or within twenty feet of a crosswalk at an intersection was for the purpose of preventing intersection collisions (colli-

sions between vehicles approaching intersections from the intersecting streets) and for the prevention of hazards of obstructions to sight between pedestrians and motorists by parked vehicles, and the violation of such statute would in no way be negligence as to one striking the rear of the parked carrier. See also *Williams v. Grier*, 196 Ga. 327 (1) (26 SE2d 698). Accordingly, the trial court erred in overruling the demurrers attacking the allegations dealing with the violation of the Act prohibiting parking within an intersection and within twenty feet of a crosswalk at an intersection since such alleged violations were not negligence as to the plaintiff's deceased son.

■ The plaintiffs in error demurred to a pleaded ordinance which provided: "No vehicle of any description shall be left standing on the street in dark or shadowy places without a red light in the rear; and such vehicle must conform to the laws regulating the parking of vehicles." Under the decision of the Supreme Court in *Teague v. Keith*, 214 Ga. 853 (1) (108 SE2d 489), and the decisions there cited, while the ordinance may be too vague and indefinite to authorize a conviction for its violation, yet it is not too indefinite to furnish a rule of civil conduct. The trial court did not err in overruling the special demurrers to such allegations of the petition, nor was it error to admit such ordinance into evidence on the trial of the case as complained of in special ground 4 of the amended motion for new trial.

■ The plaintiffs in error demurred to a pleaded ordinance of the City of Douglas which provided: "No owner of automobile, or automobile truck or garage owner or any employee of any garage shall park any automobile or auto truck or any like propelled vehicle, that has been left in the care of garage owners or garage employees for repairs, on the streets within said city, and they shall be required to keep same in building. No repair work shall be done on any automobile or auto truck while same is standing on streets." A violation of this ordinance would show no actionable negligence as to the plaintiff for if the trailer was otherwise legally parked the fact that A rather than B parked or owned the trailer could not make such parking negligence. As shown in the first division, supra, before the violation would constitute actionable negligence it must be for the

protection of the class of persons of which the plaintiff's deceased son was a member. Obviously, the ordinance was for the purpose of keeping legal parking places from being used as a part of the garage operator's premises and from being used for the storage of vehicles to the exclusion of temporary or transient parking. The trial court erred in overruling the demurrers attacking such ordinance and in admitting such ordinance into evidence over the objections of the plaintiffs in error.

■ The remaining special demurrers have been carefully examined and were properly overruled. The petition set forth a cause of action and the trial court properly overruled the general demurrers of the plaintiffs in error.

■ No harmful error is shown by special ground numbered 6 of the amended motion for new trial which complained that the trial court erred in admitting into evidence Rule 35B of the Georgia Public Service Commission. This rule, identical in language with section 110 (b) of the Act of 1953 (Ga. L. 1953, Nov. Sess., pp. 556, 606; Code Ann. § 68-1710 (b)), placed no duty on the plaintiffs in error that was not already there by the Act of 1953, and its introduction into evidence, if error, was harmless.

■ Special ground 7 of the amended motion for new trial assigns error on the instructions given in the court's charge as to the plaintiff's contentions because none of the defendants' contentions were given.

The assignment of error is based on the charge given. The charge given was not error, and it is never error to give a correct instruction because another correct instruction was not also given. *Floyd v. City of Albany*, 105 Ga. App. 31, 35 (123 SE2d 446); *Pendry v. Addison*, 105 Ga. App. 673 (125 SE2d 523), and citations. This ground of the motion for new trial shows no reversible error, but see *Atlanta Consolidated St. R. Co. v. Hardage*, 93 Ga. 457 (4) (21 SE 100); and *Macon R. &c. Co. v. Southern Bell Telephone &c. Co.*, 20 Ga. App. 827 (93 SE 531).

■ Special ground 8 of the amended motion for new trial assigns error on the failure of the trial court to charge, without request, on the possibility of a diminution of earnings of the deceased in his declining years. Whether the assignment of error be tested

by the rule set forth in *Draper Canning Co. v. Dempsey*, 91 Ga. App. 593, 597 (b) (86 SE2d 678); *Williams v. Young*, 105 Ga. App. 391, 400 (4) (124 SE2d 795); or the special concurrence in *Thomas v. Barnett*, 107 Ga. App. 717, 730 (131 SE2d 818), this assignment of error shows no error in the present case.

■ Special ground 9 of the motion for new trial, when considered with the remainder of the charge, did not amount to an expression of opinion by the trial court.

■ The petition alleged the violation of certain provisions of the Uniform Act Regulating Traffic on Highways which provisions are applicable within municipalities, *National Upholstery Co. v. Padgett*, 108 Ga. App. 857 (134 SE2d 856), the violation of a municipal ordinance (see Division 2, supra), as well as acts of common law negligence. The plaintiff introduced evidence in support of such allegations, and a verdict for the plaintiffs in error was not demanded. Accordingly, the trial court did not err in overruling the motion for a judgment non obstante veredicto made by the plaintiffs in error.

■ The remaining special grounds of the amended motion for new trial will not be considered in as much as the case must be reversed because of rulings on special demurrers, and the errors complained of in such remaining special grounds will probably not recur.

*Judgment reversed in part; affirmed in part. Hall and Russell, JJ., concur.*