41422. ARCHER PLUMBING & HEATING COMPANY, INC. v. DODYS.

ARGUED JULY 6, 1965—DECIDED SEPTEMBER 8, 1965—
REHEARING DENIED SEPTEMBER 23, 1965.

*Gambrell, Harlan, Russell & Moye, Charles A. Moye, Jr., Edward W. Killorin,* for plaintiff in error.

*Robert Carpenter, LeRoy Hobbs,* contra.

HALL, Judge. 1. The allegations and evidence showed that the defendant's truck was parked next to the curb near a marked pedestrian crosswalk with a pipe, of a dull gray color, tied to the top of the truck extending into the crosswalk. The plaintiff came out of a laundry and cleaning establishment with the purpose of going to a customer's car, and when she stepped into the crosswalk she collided with the pipe, which struck and injured her eye. The petition alleged that the defendant was negligent in failing to place a flag or other warning device on the pipe; in parking the truck within 15 feet of a crosswalk in violation of a pleaded ordinance of the City of Atlanta; and in parking the truck with the load extending into the crosswalk in violation of State law. The city ordinance and State law provide:

"(a) No person shall stop, stand or park a vehicle, except when necessary to avoid conflict with other traffic or in compliance with law or the directions of a police officer or traffic-control device in any of the following places: . . . (5) On a crosswalk, or within fifteen feet thereof; . . ." 1963 Supplement to the Code of the City of Atlanta of 1953, p. 360, § 30.107. "(a) No person shall stop, stand or park a vehicle, except when necessary to avoid conflict with other traffic or in compliance with law or the directions of a police officer or traffic-control device, in any of the following places: . . . 5. On a crosswalk; 6. Within 20 feet of a crosswalk at an intersection." Ga. L. 1953, Nov. Sess., pp. 556, 598, as amended, Ga. L. 1963, p. 382 (*Code Ann.* § 68-1670).

The defendant argues that the plaintiff was not within the class of persons protected by provisions of the statute and ordinance quoted above. These laws were designed to promote safety on highways and city streets, and pedestrians, including the plaintiff, were intended to be protected. *Sprayberry v. Snow,* 190 Ga. 723, 727 (10 SE2d 179); *Atlanta & W. P. R. Co. v. Underwood,* 218 Ga. 193, 196 (126 SE2d 785); *Huckabee v. Grace,* 48 Ga. App. 621, 632 (173 SE 744). "However, the classes of persons intended to be protected by such statutes are protected only from the harms the statute was intended to prevent." *Backers v. Cedartown Coca Cola Bottling Co.,* 106 Ga. App. 764, 768 (128 SE2d 355). We must ask, therefore, what harms statutes prohibiting parking on crosswalks, and within prescribed distances of crosswalks, were intended to guard against.

In *Kibbey Chevrolet, Inc. v. Anderson,* 111 Ga. App. 90, 92 (140 SE2d 564), this court held that the provision of the 1953 Act, supra, prohibiting parking "within 20 feet of a crosswalk at an intersection" was for the purpose of preventing intersection collisions and for the prevention of obstructions to sight between pedestrians and motorists by parked vehicles. Applying this holding, the provision of the ordinance prohibiting parking within 15 feet of a crosswalk (1963 Supplement to the City Code of Atlanta of 1953, p. 360, § 30.107) was for the purpose of preventing collisions (not limited to collisions at intersections)

and preventing obstructions to sight between pedestrians and motorists by parked vehicles. This particular provision, in our opinion, was not designed to guard against the hazard to a pedestrian caused by obstructions on a crosswalk.

The harm allegedly causing the injury to the plaintiff in this case, an obstruction on the crosswalk, was not a harm the allegedly violated provision of the ordinance was intended to prevent. Therefore, the allegation that parking the truck in violation of the provision of the ordinance prohibiting parking within 15 feet of a crosswalk was negligence per se as to this plaintiff was not supported by the facts alleged in the petition. *Kibbey Chevrolet, Inc. v. Anderson*, 111 Ga. App. 90, supra; *Backers v. Coca-Cola Bottling Co.*, 106 Ga. App. 764, supra. The trial court did not err, however, in overruling the defendant's demurrer attacking this allegation of negligence on the grounds that "any violation of said ordinance could not proximately cause the injury and damage complained of," and "said ordinance was not intended to protect anyone in the class of plaintiff in this action."

The opinion in the *Kibbey* case, supra, does not speak of the purpose of the provision of the 1953 Act, supra, which prohibits parking "on a crosswalk" not necessarily at an intersection. On busy streets and highways the safety and flow of both vehicular and pedestrian traffic are aided by having clearly designated, visible and unobstructed places where pedestrians have the right of way in the street. The statutory prohibitions against parking on a crosswalk were intended, in our opinion, to guard against the hazard to users of the streets caused by pedestrians having to enter and cross at places where there are obstructions in the street. Therefore, a finding of a violation of the provision in the statute prohibiting parking on a crosswalk would constitute negligence per se as to this plaintiff.

The trial court did not err in overruling paragraphs 1, 2, 4, 5(a), 6(a) and 6(b) of the defendant's demurrers nor in overruling the defendant's oral motions to strike paragraphs 9, 13(b), and 13(c) and to strike the petition as a whole. Nor did the court err in overruling grounds 9 and 11 of the motion for new trial, contending that the court's charging the jury the plaintiff's allegations of negligence per se and that the alleged violations

of the statute and ordinance if found to be true would constitute negligence per se, were error, for the reason that the plaintiff entered the crosswalk for her own business purposes rather than to cross the street, and was not within the class of persons for whose benefit these statutes were enacted.

2. In support of the general grounds of its motion for new trial the defendant cites *Lane Drug Stores v. Story,* 72 Ga. App. 886 (35 SE2d 472); *Ford v. S. A. Lynch Corp.,* 79 Ga. App. 481 (54 SE2d 320); and *Bonner v. Barnes,* 103 Ga. App. 364 (119 SE2d 138). In these cases the court held that the pleadings or evidence under consideration showed that the plaintiff saw or could have anticipated the presence of the object by which she was injured, or that the utility of the defendant's conduct in maintaining the object with which the plaintiff collided outweighed the possible danger to the plaintiff. The present case differs from these cases in that the evidence here does not affirmatively establish any of these conclusions as a matter of law.

3. Ground 4 of the defendant's motion for new trial complains of the court's refusal to charge the jury an abstract principle of law as requested in writing by the defendant. The court did not err in overruling this ground for the reason that the request was not perfect and precisely adjusted to the case. *Etheridge v. Hobbs,* 77 Ga. 531, 534 (3 SE 251); *Lewis v. State,* 196 Ga. 755, 760 (27 SE2d 659); *Rogers v. Manning,* 200 Ga. 844, 850 (38 SE2d 724); *Bibb Transit Co. v. Johnson,* 107 Ga. App. 804 (131 SE2d 631).

4. At the trial the plaintiff introduced the direct testimony of a physician which had been taken before trial by deposition on behalf of the defendant. The defendant then introduced a part of the physician's testimony which had been elicited by the plaintiff on cross examination at the taking of the deposition. The plaintiff then offered other parts of the deposition elicited on cross examination, and the court admitted this over the defendant's objection. This ground does not show that the testimony objected to was not relevant to the part of the deposition offered by the defendant. Ga. L. 1959, pp. 425, 426 (*Code Ann.* § 38-2101 (d) (5)); accord *Williams v. Kelsey,* 6 Ga. 365,

375; *Tracy's Auto Parts, Inc. v. Turner*, 105 Ga. App. 418 (124 SE2d 687); 7 Fed. Cyc. 204, § 25.119. The trial court did not err in overruling ground 5 of the motion for new trial, complaining of the admission of the evidence on the ground that the plaintiff could not introduce testimony it had elicited on cross examination at the deposition, after making the physician her own witness by introducing his direct testimony.

5. The trial court did not err in overruling ground 6 contending that the verdict was grossly excessive. *Smoky Mountain Stages v. Wright*, 62 Ga. App. 121, 122 (8 SE2d 453); *Fields v. Jackson*, 102 Ga. App. 117, 121 (115 SE2d 877); *Kiker v. Davis*, 103 Ga. App. 289, 290 (118 SE2d 861).

6. The excerpt from the court's charge complained of in ground 7, when considered in context with the charge as a whole, was not misleading to the jury nor deficient in failing to inform the jury that the plaintiff could recover for injury only if caused by the defendant's negligence. Nor would the court's failure to give a particular instruction that the plaintiff alleged in her original petition that the pipes on the defendant's truck "did not have thereon a flag or other object (as required by law)" and later amended her petition to delete the words "as required by law," tend to confuse the jury as contended by the defendant in ground 8 of the motion for new trial.

7. In grounds 10 and 12 the defendant contends that evidence that the defendant's truck was parked or standing in a marked truck loading zone required the court to charge the jury what would constitute lawful parking of the defendant's truck in compliance with *Code Ann.* § 68-1670, supra, which permits parking a truck on or within 20 feet of a crosswalk at an intersection in compliance with the directions of a traffic-control device. This contention overlooks the fact (even if we assume the body of the truck was lawfully parked) that the pipe loaded on the truck extended unlawfully into the crosswalk.

The trial court did not err in overruling the general and special grounds of the motion for new trial.

*Judgment affirmed. Bell, P. J., and Frankum, J., concur.*