46899. WHITE v. WRIGHT et al.

DEEN, Judge. The plaintiff White sustained personal injuries while a pedestrian standing on a roadway. He alleged negligence of the defendant Jackson in that he was standing in a place of apparent safety when defendant negligently drove his vehicle into and against plaintiff's body. The negligence alleged against Wright is that he "negligently and in violation of law parked his vehicle, a Pontiac automobile, on the left or north side of Euharlee Street within less than 12 feet of the center line of said street; which negligence combined with the negligence of defendant Raymond Jackson as heretofore alleged to jointly and individually cause plaintiff's injuries when struck by the vehicle driven by the defendant Jackson." Wright's objections to being made a party defendant were sustained and plaintiff appeals. *Held:*

1. The movant is not entitled to be dismissed as a party defendant unless, construing the allegations of negligence in favor of the plaintiff, it appears that the latter would not be entitled to relief under any state of facts which might be proved under the pleadings. *Ghitter v. Edge,* 118 Ga. App. 750 (165 SE2d 598).

2. "It shall be unlawful for any person to stop or park any automobile . . . on or along any State-aid road or highway, unless such vehicle be placed so that it is at least 12 feet removed from the centerline of such State-aid road or highway; and such vehicle shall be so parked that no portion thereof shall be within 12 feet of the centerline of such State-aid road or highway." *Code Ann.*

§ 68-1670 (15). This includes state highways within the territorial limits of a municipality. *National Upholstery Co. v. Padgett,* 108 Ga. App. 857 (134 SE2d 856). Since we are dealing with a motion to dismiss in which it does not affirmatively appear that the road in question is not a State-aid highway, it must be assumed for the purposes of this decision that the statute is applicable. A vehicle parked in violation of law may constitute a concurring proximate cause of a collision between two other motor vehicles, as where it blocks the view of the approaching cars or in some manner blocks their free passage. *Williams v. Grier,* 196 Ga. 327 (1-c) (26 SE2d 698); *Rhodes v. Baker,* 116 Ga. App. 157 (2-a) (156 SE2d 545). Except that the distance of parking has been increased from 8 to 12 feet from the center line of the highway, *Code Ann.* § 68-1670 (15) is the same as former *Code* § 68-314, as to which it was held that the statute was designed for the safety of the general public in relation to both person and property; that it contemplated the safety of all users of the highways and did not exclude pedestrians, and that a breach of this legal duty, if a concurring proximate cause of injury to a pedestrian, would constitute negligence per se. *Sprayberry v. Snow,* 190 Ga. 723 (1) (10 SE2d 179). Further, we cannot say as a matter of law that such act, even though it is made to appear not to be a violation of a statute (as for example if the street within the municipality is not also a state highway) that the act might not constitute common law negligence, which would still be a question for the consideration of the jury. *Garrett v. Royal Bros. Co.,* 225 Ga. 533 (170 SE2d 294).

The decision in *Backers v. Cedartown Coca-Cola Bottling Co.,* 106 Ga. App. 764 (128 SE2d 355) has no relevance here, that decision merely holding as to the parking ordinance in question that its violation was not negligence as to the plaintiff pedestrian because it was not enacted to protect the class to which the plaintiff belonged. The same cannot be said of the statute above cited.

It was error for the trial court, on motion addressed to the pleadings alone, to dismiss the appellee as a party defendant. Since the motion for more definite statement was not passed upon by the trial judge, it is not before us for consideration.

*Judgment reversed. Jordan, P. J., and Clark, J., concur.*

ARGUED FEBRUARY 7, 1972—DECIDED FEBRUARY 24, 1972— REHEARING DENIED MARCH 9, 1972—

*Marson G. Dunaway, Jr.,* for appellant.

*Mundy, Gammage & Cummings, William W. Mundy,* for appellees.